VERLYN VAUGHN, Plaintiff-Appellant, *v.* GENERAL MOTORS CORPO-
RATION *et al.*, Defendant-Appellee.

Third District   No. 82—836

Opinion filed September 19, 1983.

Ted W. Dennis and James J. Elson, both of James J. Elson, Chartered, of Canton, for appellant.

Rebecca S. Riddell, of McConnell, Kennedy, Quinn & Johnston, Chartered, of Peoria, and James E. Lloyd, of Claudon, Lloyd, Barnhart & Beal, Ltd., of Canton, for appellees.

JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from an order of the trial court dismissing with prejudice, plaintiff's action against both defendants. The order dismissed for failure to state a cause of action, on the basis that the complaint sounded in tort and no cause of action in tort could stand under the reasoning of the Illinois Supreme Court in *Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 435 N.E.2d 443.

Plaintiff, Verlyn Vaughn, bought a 1977 Chevrolet truck from Art & Gene's Chevrolet, Cadillac, Oldsmobile, Inc. Shortly thereafter he began having trouble with the brakes of the truck. The brakes were checked and repaired by Art & Gene's several times over the next 18 months.

On November 13, 1978, while Vaughn was driving the truck on business, the brakes locked. The truck overturned, damaging the vehicle itself and a fuel oil tank which was attached to it, and causing oil to spill from the tank. Vaughn was not injured.

Vaughn brought suit against defendants Art & Gene's and General Motors, the manufacturer of the truck, under the tort theory of product liability, claiming damages resulting from the accident and from loss of the use of the truck in business. The court below interpreted *Moorman* to bar recovery in tort where there is no claim for personal injury or property damage beyond damage to the defective product itself and dismissed the suit. We do not agree.

Both parties agree that *Moorman* and the cases cited therein comprise the controlling law in this case. Both quote *Moorman* in support of their position. This is not remarkable considering the nature of that opinion. In *Moorman* the Illinois Supreme Court outlined the essential differences between tort and contract law in the area of recovery for defective products. This is not a simple distinction.

At first glance the court's distinction between "physical injury," which is recoverable in tort, and "economic loss," which is

within the realm of contract law, would seem to bar cases such as that before us where the only damages claimed are for repairs and loss of use of the defective product itself. However, a closer examination of the reasoning in *Moorman* shows that the court did not intend the nature of the damages to be the sole factor used to distinguish a tort claim from a contract claim.

■■ The court in *Moorman* quotes with approval the reasoning of *Pennsylvania Glass Sand Corp. v. Caterpillar Tractor Co.* (3d Cir. 1981), 652 F.2d 1165, 1173:

> " '*** [T]he items for which damages are sought, such as repair costs, are not determinative. Rather, the line between tort and contract must be drawn by analyzing interrelated factors such as the nature of the defect, the type of risk, and the manner in which the injury arose. These factors bear directly on whether the safety-insurance policy of tort law or the expectation-bargain protection policy of warranty law is most applicable to a particular claim.' " (91 Ill. 2d 69, 85.)

The Illinois court goes on to say:

> "We agree with the rationale expressed in *Pennsylvania Glass Sand Corp.* and hold that, where only the defective product is damaged, economic losses *caused by qualitative defects falling under the ambit of a purchaser's disappointed expectations* cannot be recovered under a strict liability theory." (Emphasis added.) (91 Ill. 2d 69, 85.)

It is clear from this statement that the element of causation is essential to the court's holding in *Moorman*. As important as the court's distinction between "physical injury" and "economic loss" is, their distinction between damages caused by a qualitative defect (*i.e.*, by failing to perform up to purchaser's expectations) and those caused by a sudden or dangerous occurrence. The former has its remedy in contract law, but the latter, the "sudden or dangerous occurrence," is more appropriately suited to tort theory. See 91 Ill. 2d 69, 86.

■■ In order to determine whether an action is barred by *Moorman* we must look beyond the damages claimed to the facts of the case and note the causative factors involved in the claim. In *Moorman* the plaintiff purchased a grain storage tank with the expectation that it would meet a certain standard of durability. Over a period of months a crack developed which rendered the tank unsuitable for plaintiff's business. The plaintiff did not discover the crack until he unloaded the tank. This economic loss caused by a qualitative defect fits squarely within the scope and remedies of contract law.

■■ In the instant case, the damages were not caused by deterio-

ration or by a product which simply failed to meet the needs of Mr. Vaughn's business; rather, the damage was caused by what is clearly a sudden and dangerous occurrence; the truck's brakes locked causing it to turn over. Had Vaughn been injured in the accident there would be no question but that case sounded in tort. For the case to become a "benefit of bargain" contract suit simply because Vaughn escaped injury defies the logic of *Moorman* and the authorities cited therein.

The court quotes Dean Prosser as envisioning just the situation which is now before the court:

> " 'There can be no doubt that the seller's liability for negligence covers any kind of physical harm, including not only personal injuries, but also *property damage to the defective chattel itself, as where an automobile is wrecked by reason* of its own bad brakes \*\*\*. \*\*\*' " (Emphasis added.) (91 Ill. 2d 69, 86.)

The court also quotes *Pennsylvania Glass Sand* in the same vein:

> " '\*\*\* [T]ort law imposes a duty on manufacturers to produce safe items, regardless of whether the ultimate impact of the hazard is on people, other property, *or the product itself.* \*\*\*' " (Emphasis added.) 91 Ill. 2d 69, 84-85.

In the case at bar, there is no claim for personal injury or property damage to anything other than the defective product itself. However, the authorities cited in the *Moorman* case do not consider this a bar to tort recovery. A correct interpretation of *Moorman* shows that "economic loss" as used in that opinion does not mean simply monetary damages. Rather the idea of "economic loss" in *Moorman* is closely allied to the contract concept of loss of benefit of bargain.

■ *Moorman* points out that the tort theory of products liability is not aimed at granting the benefit of bargain. If the product simply quits working, the injured party is left to his contract relief. If, however, the defect creates a dangerous condition and causes damages of a sudden and calamitous nature, the loss, even if it is limited to the product itself, is considered property damage and the injured party has a tort action.

The *Moorman* decision does not bar the case presently before this court. Rather, *Moorman* supports the plaintiff's cause of action.

We reverse the order of the court below, reinstate plaintiff's cause of action, and remand for further proceedings consistent with this opinion.

Reversed and remanded.

HEIPLE and BARRY, JJ., concur.