BI-PETRO REFINING COMPANY, INC., Plaintiff-Appellant, *v.* HARTNESS PAINTING, INC., Defendant-Appellee.

Fourth District No. 4—83—0434

Opinion filed December 29, 1983.

WEBBER, J., specially concurring.

Phelan, Pope & John, Ltd., of Chicago (Michael A. Pope and Mary Patricia Benz, of counsel), for appellant.

Robert D. Winters and Donald E. Brilley, both of Armstrong, Winters, Prince, Featherstun & Johnson, of Decatur, for appellee.

JUSTICE GREEN delivered the opinion of the court:

Plaintiff brought a two-count complaint, later amended, in the circuit court of Macon County. The first amended count sought recovery in contract and the second amended count sought recovery in tort. The first amended count was dismissed with leave granted to file a further amended count. The second amended count was dismissed with prejudice on the grounds that plaintiff was seeking recovery solely for economic losses. The trial court found there was no just reason for delaying enforcement or appeal of the dismissal of count II as provided in Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)). Plaintiff appeals and we reverse.

Plaintiff's complaint alleges that (1) prior to November 1981, defendant entered into an oral contract with it to "dismantle, move, repair and reassemble" a 50,000-barrel oil tank from one of plaintiff's premises to another of plaintiff's premises; (2) as a proximate result of defendant's negligent acts in fulfilling the contract, on November 12, 1981, the tank "suddenly and violently ruptured" while being filled with water; (3) during the rupture components of the tank col-

lided with external objects endangering the safety of person and property; and (4) the rupture caused damage to the tank itself, other tanks, and other of plaintiff's property on the premises as well as the loss of the rental income of the tank and other lost profits.

The trial court dismissed the count as seeking recovery in tort solely for economic losses, which the Illinois Supreme Court precluded in its decision in *Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 435 N.E.2d 443. Plaintiff argues that *Moorman* does not forbid recovery here because: (1) The contract was a service contract and *Moorman* does not apply to service contracts; (2) *Moorman* does not bar recovery in tort when there is physical harm to property other than the product itself; and (3) *Moorman* does not bar recovery for damages caused by a sudden and dangerous occurrence which is tortious in nature, such as the occurrence here. We hold that the facts alleged here describe a sudden and dangerous occurrence that is tortious in nature which under *Moorman* states a cause of action. We therefore do not consider plaintiff's other arguments.

 Under *Moorman* there is no recovery in tort for solely economic losses. The inquiry then is whether the damages alleged are "physical harm or property damage" recoverable in tort or nonrecoverable economic losses. The discussion in *Moorman* indicates that the characterization of damages flows not from what is damaged, but rather what defect caused the damage and how the damage occurred.

> "The demarcation between physical harm or property damage on the one hand and economic loss on the other usually depends on the nature of the defect and the manner in which the damage occurred. [Citation.] As one commentator observed in applying the definition of economic loss with respect to damage to the product:
>> 'When the defect causes an accident "involving some violence or collision with external objects," the resulting loss is treated as property damage. On the other hand, when the damage to the product results from deterioration, internal breakage, or other non-accidental causes, it is treated as economic loss.***' " (91 Ill. 2d 69, 82-83, 435 N.E.2d 443, 449; see also *Vaughn v. General Motors Corp.* (1983), 118 Ill. App. 3d 201, 203, 454 N.E.2d 740, 741, and Bertschy, *The Economic Loss Doctrine In Illinois After Moorman*, 71 Ill. B.J. 346 (1983).)

*Moorman* quotes with approval the reasoning of *Pennsylvania Glass Sand Corp. v. Caterpillar Tractor Co.* (3d Cir. 1981), 652 F.2d 1165, 1173:

" '*** [T]he items for which damages are sought, such as repair costs, are not determinative. Rather, the line between tort and contract must be drawn by analyzing interrelated factors such as the nature of the defect, the type of risk, and the manner in which the injury arose. These factors bear directly on whether the safety-insurance policy of tort law or the expectation-bargain protection policy of warranty law is most applicable to a particular claim.' " *Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 85, 435 N.E.2d 443, 450.

■ Thus, the distinction between property damage and economic loss delineates between the types of duties and recovery provided by tort as opposed to contract.

"Tort theory is appropriately suited for personal injury or property damage resulting from a sudden or dangerous occurrence of the nature described above. The remedy for economic loss, loss relating to a purchaser's disappointed expectations due to deterioration, internal breakdown or nonaccidental cause, on the other hand, lies in contract." (91 Ill. 2d 69, 86, 435 N.E.2d 443, 450.)

Economic loss then is closely allied to the contractual concept of loss of the benefit of the bargain (*Vaughn*), and there is no recovery in tort for a product's failure to meet a consumer's expectations. *Fireman's Fund American Insurance Cos. v. Burns Electronic Security Services, Inc.* (1980), 93 Ill. App. 3d 298, 417 N.E.2d 131.

■ With the discussion of *Moorman* in mind, we examine the nature of the defect, the manner in which the injury arose, and the risk involved in the incident alleged here. These factors are interrelated and not easily separated for discussion. However, each provides a distinctive insight into the definitional problem presented by *Moorman*.

Here, the count alleged that the tank "suddenly and violently ruptured" while being filled with water and that components of the tank collided with external objects endangering the safety of persons and property. The count also alleged that the rupture not only caused damage to the tank itself but also damage to other property. On the other hand, in *Moorman* the court described the complaint as allegedly that over a course of months, a crack had developed in a steel tank but was not discovered until the contents of the tank had been emptied. The court concluded that the occurrence there was not of the sudden and dangerous type giving rise to a cause of action in tort for economic damages.

Several examples of the type of occurrence which falls within a

tortious sudden and dangerous incident are given in *Moorman*. (*Cloud v. Kit Manufacturing Co.* (Alas. 1977), 563 P.2d 248 (trailer damaged from a fire caused by the ignition of polyurethane padding that came with the trailer); *Pennsylvania Glass* (faults in design alleged to have enhanced damages caused by fire to a front endloader); and *Russell v. Ford Motor Co.* (1978), 281 Or. 587, 575 P.2d 1383 (defective axle assembly caused pickup to overturn resulting in damage only to the pickup).) Here it is alleged that a tank with the capacity of 50,000 barrels of liquid suddenly burst. We conclude that this type of occurrence is of the same sudden and dangerous character as those found in *Cloud, Pennsylvania Glass, Russell* and *Vaughn* (car brakes suddenly failed resulting in collision and damage to only the car).

The risk alleged here was also different than that in *Moorman*. Here, destructive results could have followed the rupture. There, the risk was only that a slow loss of contents would take place.

■ The allegations here that the tank ruptured did set forth a failure of the repaired tank to fulfill the direct economic expectations of its owners because the purpose of the tank to hold its contents was the obvious purpose for which it was intended. That, of itself, would not have permitted recovery in tort for economic damages. (*Alfred N. Koplin & Co. v. Chrysler Corp.* (1977), 49 Ill. App. 3d 194, 364 N.E.2d 100 (no recovery in tort for economic damages for failure of air conditioner to cool premises).) However, we interpret *Moorman* to not prevent recovery for economic damages for negligent repair when the product fails to fulfill its intended purpose if the failure results in a sudden violent occurrence.

The questions presented are complicated but we hold that amended count II of plaintiff's complaint stated a cause of action in tort. Accordingly, we reverse the order dismissing that count.

Reversed and remanded.

MILLER, J., concurs.

JUSTICE WEBBER, specially concurring:

I concur that count II of the second amended complaint states a cause of action in tort under the rule of *Moorman* and should be reinstated.

However, I also believe that a word of caution is in order. Under section 2—613 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—613) alternative causes of action may be pleaded even though inconsistent. It is thus possible to plead both contract and tort

in the same complaint, but in different counts. *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 430 N.E.2d 976.

This becomes a delicate matter for the trial court to handle. In this case, while the contract theory and the tort theory are stated in different counts, the complaint as a whole does not make clear that these are alternatives. Obviously, the plaintiff is entitled, if he prevails, to only one recovery.

I would require as a condition of reinstatement of the amended count II that the plaintiff again amend to state clearly and unequivocally that the legal theories of recovery are in the alternative.