Lester BUSTLE and Ruby
Bustle, Plaintiffs,

v.

QUINT, LTD., d/b/a Windy City South
Truck Stop and Home Insurance
Co., Defendants.

No. 85 C 1882.

United States District Court,
N.D. Illinois, E.D.

July 9, 1985.

**1138**

Raymond C. Fay, Alan M. Serwer, Elizabeth H. Cameron, Haley, Bader & Potts, Chicago, Ill., for plaintiffs.

Andrew Kopon, Jr., McKenna, Storer, Rowe, White & Farrug, Chicago, Ill., for the Windy City South Truck Stop.

## MEMORANDUM ORDER

BUA, District Judge.

Plaintiffs Lester and Ruby Bustle bring this action against defendants Quint, Ltd., doing business as Windy City South Truck Stop ("Windy City") and Home Insurance Company. Plaintiffs' "first cause of action" is in negligence directed against Windy City. Defendant Home Insurance Company was voluntarily dismissed on May 8, 1985. Before the Court is a motion to dismiss the amended complaint by Windy City pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated below, defendant's motion to dismiss is denied.

## I. FACTS

Plaintiff Lester Bustle contracted with Windy City South Truck Stop to change the oil and service the KT–450 diesel engine in his semitractor. "Shortly thereafter, the oil drain plug exited the engine, draining the oil, destroying the engine." Amended Complaint, p. 2. Plaintiffs contend that Windy City was negligent in failing to replace the oil drain plug properly, or alternatively, in its failure to warn plaintiff of a defective oil drain plug. Plaintiffs seek to recover the following damages: (a) $28,000 to replace the destroyed diesel engine; (b) continuing lost wages at $1,500 per week; (c) $1,300 in expenses incurred for alternate transport of the goods; and (d) incidental expenses, attorneys' fees and costs.

## II. DISCUSSION

The standard for granting a motion to dismiss is well established. Under Fed.R. Civ.P. 12(b)(6) a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts which would entitle him to the relief requested. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

In this case plaintiffs seek recovery in tort for economic losses allegedly resulting from Windy City's negligence in replacing an oil drain plug during the course of changing the oil in the plaintiffs' truck. Windy City argues that plaintiffs' tort claim should be dismissed and their recovery limited to contractual damages.

■■■ While it is true that Illinois law generally precludes recovery in tort for solely economic losses, an exception exists for property damages caused by a sudden and dangerous occurrence that is tortious in nature. *Bi-Petro Refining Co. Hartness Painting*, 120 Ill.App.3d 556, 76 Ill. Dec. 70, 458 N.E.2d 209 (4th Dist.1983). The leading Illinois case in this area of characterization of damages reasons:

> The demarcation between physical harm or property damage on the one hand and economic loss on the other usually depends on the nature of the defect and the manner in which the damage occurred.

*Moorman Mfg. Co. v. National Tank Co.*, 91 Ill.2d 69, 82–83, 61 Ill.Dec. 746, 435 N.E.2d 443 (1982). Quoting *Pennsylvania Glass Sand v. Caterpillar Tractor Co.*, 652 F.2d 1165, 1173 (3d Cir.1981), the *Moorman* court explained:

> In cases such as the present one where only the defective product is damaged, the majority approach is to identify whether a particular injury amounts to

economic loss or physical damage. In drawing this distinction, the items for which damages are sought such as repair costs, are not determinative. Rather, the line between tort and contract must be drawn by analyzing interrelated factors such as the nature of the defect, the type of risk and the manner in which the injury arose. These factors bear directly on whether the safety-insurance policy of tort law or the expectation-bargain protection policy of warranty law is most applicable to a particular claim.

*Moorman,* 91 Ill.2d 69, 83–84, 61 Ill.Dec. 746, 435 N.E.2d 443. Accordingly, under *Moorman,* economic loss is recoverable in tort where public policy considerations warrant the imposition of a social duty.

■ In this case, plaintiffs state that they contracted Windy City to change the oil and service the engine on their semitractor. "Shortly thereafter, the oil drain plug exited the engine, draining the oil, destroying the engine." Amended Complaint, p. 2. Although through this language plaintiffs have not specifically alleged a "sudden and dangerous occurrence," such an allegation may reasonably be inferred under the more liberal federal notice pleading requirements. Failing to properly replace an oil drain plug on a semitractor constitutes a safety hazard that poses a serious risk of harm to people and property. Combined with plaintiffs' allegation that their semitractor engine was destroyed, it appears that plaintiffs may be able to prove some "set of facts which would entitle [them] to the relief requested." *See Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Defendant relies principally on *Moorman.* In that case, however, the damages occurred over a period of several months stemming from a crack in a grain storage tank. This case is more factually analogous to *Bi-Petro, supra,* 120 Ill.App.3d 556, where the plaintiff entered into an oral contract with the defendant for the repair of plaintiff's 50 thousand barrel oil tank. Subsequently, the oil tank suddenly ruptured and damaged other property as well as the repaired tank. The case at bar involves the destruction of a diesel engine shortly after an oil change. It is conceivable that plaintiff may be able to prove facts which would fit within the *Bi-Petro* reasoning.

### III. CONCLUSION

Defendant's motion to dismiss is denied.

IT IS SO ORDERED.