## Otto Ballard, Appellee, v. J. H. Byerly, Trading as Byerly Automobile Company, Appellant.

1. FRAUD AND DECEIT—*sufficiency of evidence of misrepresentation in exchange to go to jury.* In a suit to recover the amount paid in money and property for an automobile which plaintiff returned to defendant, claiming that the car was represented to him as a 1923 model which had been used but little in demonstrating whereas, in fact, it was a secondhand 1922 model which had been greatly used and much worn, held, that under the evidence the court did not err in refusing to direct a verdict for defendant.

2. FRAUD AND DECEIT—*not necessary to prove all allegations if case is made out.* In actions ex delicto, if plaintiff proves enough of the material allegations of his declaration to make out a cause of action he is entitled to recover though there are other averments which the evidence does not sustain.

3. HARMLESS ERRORS—*admission of incompetent evidence of fact otherwise in proof.* In an action involving the question whether an automobile purchased by plaintiff was a 1922 or a 1923 model, while it may have been error to admit in evidence the application of a former owner for a 1923 license, the error was harmless where such former owner testified to the same facts disclosed by such application.

4. INSTRUCTIONS—*inaccurate charge cured by other charges.* Though a certain instruction was not as accurate as it should have been the giving of it will not constitute reversible error when, in

view of other instructions given and the evidence in the case, the jury could not have been misled thereby.

5. DAMAGES—*for fraud does not include amount of chattel mortgage note unpaid and unenforceable.* In an action to recover the price paid for an automobile sold to plaintiff under false representations where the consideration of $1,100 was paid by trading in another car for $475 and the giving of a note for the balance, no part of which has been paid, a judgment for the full price was erroneous in view of the fact that the note was secured by a chattel mortgage and Cahill's Ill. St. 1921, ch. 95, ¶ 27, provides that such a note must state the fact of security upon its face and is subject to all the defenses existing against the payee though it has been assigned.

Appeal by defendant from the City Court of East St. Louis; the Hon. WILLIAM F. BORDERS, Judge, presiding. Heard in this court at the March term, 1924. Affirmed for $475 upon filing remittitur, etc., otherwise reversed and remanded. Opinion filed July 7, 1924.

BAKER & BAKER and T. A. O'CONNOR, for appellant.

LOUIS BEASLEY and EDWARD C. ZULLEY, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellee purchased an Essex car from appellant for $1,100.00 and in payment therefor gave his Studebaker car at $475.00 and his note for $625.00 secured by chattel mortgage. A few days later he returned the Essex car to appellant claiming that it had been represented to him as a 1923 Model which had been but little used in demonstrating, whereas it was in fact a secondhand 1922 Model which had been greatly used and was much worn. The evidence is undisputed that Mr. Buchanan bought the car at the factory in Detroit, Michigan, in July, 1922, and had driven it eight or nine thousand miles before he traded it to appellant in August, 1923. There is also evidence tending to show that it was represented to appellee as a 1923 Model and had never been owned or driven by anyone but appellant and that he had only used it for demonstrating

purposes. Appellee recovered a verdict and judgment
for $1,100.00.

In view of the evidence the court did not err in re-
fusing to direct a verdict for appellant. It is argued
that appellee failed to prove that the car was a 1922
Model; that there was as much or more evidence tend-
ing to show that it was a 1923 Model. Even so it was
a question of fact for the jury. But even if that fact
was not proven there were enough of the averments
of the declaration proven to make out a cause of ac-
tion. Appellee was led to believe that he was getting
a car that was practically new and had never been
used by anyone except appellant and he had only used
it in demonstrating. In actions *ex delicto,* if plaintiff
proves enough of the material allegations of his decla-
ration to make out a cause of action, he is entitled to
recover, although there are other averments which the
evidence does not sustain. *Postal Telegraph-Cable
Co. v. Likes,* 225 Ill. 249.

It is argued that the court erred in admitting in evi-
dence the application of Mr. Buchanan for a license
for the car in question for the year 1923. We are in-
clined to agree with that contention but are of the
opinion it was not reversible error. Mr. Buchanan
testified to the same facts disclosed by the application.
It is also argued that the court erred in giving appel-
lee's second instruction. While it is not as accurate
as it should have been, yet in view of the other instruc-
tions and the evidence in the case, we are of the opin-
ion that the jury was not misled thereby.

In the present state of the record we cannot say that
appellee has sustained or will sustain damages to a
greater extent than $475.00. He has never paid any
part of the $625.00 note. The verdict and judgment
for $1,100.00 can only be justified on the theory that
he will have to pay that note. If he had proven that
he is solvent and that the note had passed into the
hands of a bona fide holder, or that it is such a note
as could pass to such a holder we would not hesitate

to affirm the judgment under *Hoffman v. Toft,* 70 Ore. 488, 142 Pac. 365, 52 L. R. A. (N. S.) 944, and similar cases. But the undisputed evidence is that the note was secured by chattel mortgage. The statute provides that all notes secured by such mortgages shall state upon their faces that they are so secured and when assigned by the payee shall be subject to all defenses existing between the payee and payor the same as if they were held by the payee, and that any chattel mortgage securing notes which do not state upon their face the fact of such security shall be absolutely void. Cahill's Ill. St. 1921, ch. 95, ¶ 27.

Presumably the statute was complied with and the note contains a recital that it is secured by chattel mortgage. If so, and we affirm the judgment, appellee may successfully defend when sued on the note and in that event he will have profited $625.00 by the transaction instead of simply being made whole as the law contemplates. For that reason we cannot affirm the judgment for $1,100.00. If the parties desire to close the matter without further litigation appellee may file a remittitur of $625.00 within ten days from the date of the filing of this opinion and appellant, within the same time, may file with the clerk of this court the $625.00 note executed by appellee to be delivered to him in case he files the remittitur aforesaid and when those things are done the judgment will be affirmed for $475.00, each party to pay one-half of the costs in both courts. If either party fails to comply with the above suggestions the judgment is reversed and the cause remanded.

*Affirmed for $475.00 upon filing remittitur, etc., otherwise reversed and remanded.*