**David M. Brill, Plaintiff-Appellee, v. Joel Davajon, Defendant, and Checker Taxi Company, Inc., a Corporation, Defendant-Appellant.**

**Gen. No. 49,294.**

First District, Third Division.

July 27, 1964.

Rehearing denied September 11, 1964.

Jesmer and Harris, of Chicago (Robert Jay Nye, of counsel), for appellant.

Lisco and Field and Philip L. Howard, of Chicago (Robert F. Lisco, of counsel), for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

This action was brought by David M. Brill to recover damages for injuries arising out of a collision between his automobile and a cab owned by the Checker Taxi Company and an automobile driven by Joel Davajon. The jury returned a verdict in his favor. The defendant, Checker Taxi Company, appeals from a judgment entered against it. The defendant, Joel Davajon, is not involved in this appeal.

On January 7, 1957, at approximately 1:00 a. m., David Brill was driving his automobile east on Foster Avenue, Chicago. It was a cold night, the street was icy and Brill was proceeding slowly. As he approached the intersection of Foster and Ashland Avenue he noticed a Checker cab trying to push another car, which apparently had stalled. There was a conflict in the evidence as to whether the cab and the stalled car were at the south curb line of Foster Avenue, or whether they were in the center of the street in the eastbound left turn lane. Brill testified that he was in the middle of the street and that the cab was at the south curb; that the cab pushed the stalled car outward from the curb into his path and that both vehicles collided with his automobile. The driver of the cab, Frank McFarland, testified that the cab and the stalled car were in the left-hand turn lane and that Brill sideswiped them while attempting to pass them to the left on the slippery street. The driver of the stalled car, Joel Davajon, was not in court and did not testify.

In any event, whatever may have been the relative positions of the vehicles at the time of the occurrence and whatever may have been the actual point of impact between them, it was undisputed that the automobiles collided while McFarland was pushing Davajon's car and that Davajon had offered McFarland one dollar to do this favor for him.

Checker contended that McFarland was not acting as its agent at the time of the occurrence and produced proof that what he did was in direct violation of specific orders issued to him by the company. The president of Checker, Michael Sokoll, testified that taxi drivers are instructed not to use the cabs for any purpose other than hauling passengers for hire. McFarland, who had been a Checker driver for 12 years, admitted that he had violated a company regulation in using his cab to aid Davajon and said he had received "a good tongue lashing" for doing so. He stated that he had been given detailed instructions as to his duties by the garage superintendent and had been told that it was against the company rules to push other automobiles. This testimony was in no way controverted.

At the close of all the evidence Checker moved for a directed verdict on the ground that McFarland had been acting in his own behalf and that it was not liable under the doctrine of respondeat superior. The denial of the motion is the principal error urged by the defendant in this appeal.

 Generally, a party injured by the negligence of another must seek his remedy against the person who caused his injury. The doctrine of respondeat superior is an exception to this general rule. Under this exception the negligence of an employee is imputable to his employer if the relationship of principal and agent existed at the time of and in respect to the particular transaction out of which the injury arose. Metzler v. Layton, 373 Ill 88, 25 NE2d 60; Union Bank of Chicago v. Kalkhurst, 265 Ill App 254. Thus it matters little that the negligent employee was usually the agent of his employer if, at the time he injured the third party, the relationship of principal and agent was temporarily suspended. If he was not acting as his employer's agent at the time of the injury, the employer cannot be held liable for his tort.

The burden of proving that an employee was acting as the agent of his employer is upon the party who asserts the agency.

██ The same general principles apply if the injury is caused by an automobile owned by the employer and driven by the employee. In cases where an automobile is involved the plaintiff's burden of proving the driver's agency is initially eased by a presumption which arises from proof or admission of ownership of the automobile: it is then presumed that the automobile is controlled and driven by the agent of the owner. Robinson v. Workman, 9 Ill2d 420, 137 NE2d 804; McCarty v. Yates & Co., Inc., 294 Ill App 474, 14 NE2d 254; Howard v. Amerson, 236 Ill App 587. Moreover, if the name of the defendant is displayed on a motor vehicle, there is a presumption that the vehicle is owned by and operated for the defendant. Sutherland v. Guccione, 8 Ill App2d 201, 131 NE2d 130; Robeson v. Greyhound Lines, Inc., 257 Ill App 278; Bosco v. Boston Store, 195 Ill App 133. These presumptions, while rebuttable, create a prima facie case and throw the burden of going forward with the evidence upon the defendant who then must show nonagency at the time of the occurrence. If such evidence is produced by the defendant the presumptions disappear. With the prima facie case of agency overcome, the overall burden of proving agency remains where it started, upon the plaintiff.

██ ██ Whether the evidence adverse to a presumption is sufficient to overcome it, or whether the plaintiff has met his abiding burden of proof are usually questions of fact for the jury. However, they may become questions of law if the evidence is of such a character that but one reasonable deduction could be made therefrom. If the evidence adverse to the presumption is strong and unquestionable, and if the plaintiff introduces no evidence to sustain his burden,

a verdict may be directed for the defendant. Miller v. Pettengill, 392 Ill 117, 63 NE2d 735; Nelson v. Stutz Chicago Factory Branch, 341 Ill 387, 173 NE 394; Lohr v. Barkmann Cartage Co., 335 Ill 335, 167 NE 35; Paulsen v. Cochfield, 278 Ill App 596; Kavale v. Motor Salt Co., 242 Ill App 205, affirmed 329 Ill 445, 160 NE 752.

■ In the present case the plaintiff benefited from the presumption of agency arising from the fact that a Checker taxicab was being driven by a Checker driver. This was an inconclusive presumption which could not prevail in the face of the defendant's evidence that its driver was acting in his own interest and against its instructions. Bereft of the presumption which temporarily had dispensed with the necessity of proving agency, the burden of going forward with the evidence reverted to the plaintiff, but he made no attempt to controvert the defendant's evidence of nonagency.

The plaintiff cites many cases both from Illinois and other jurisdictions to the effect that an employer may be liable even though the employee's conduct violated established rules. Upon examination of each of these authorities, however, we find that in one way or another each is distinguishable from the present case. In several of the cases the employer had pursued some course of conduct which amounted to an acquiescence in previous rule-breaking by the employee; under such circumstances, the courts would not allow the employer to use breach of those same rules as a defense when the employee's action resulted in injury to a third party. See for example Swancutt v. W. M. Trout Auto Livery Co., 176 Ill App 606. In other cases cited, though the conduct of the employee was not authorized, he was found never to have departed completely from the business of his employer. See for example Bonnem v. Harrison, 17 Ill App2d 292, 150 NE2d 383.

Still others, cited by appellees from other jurisdictions, are based on principles of law different from those of Illinois and cannot serve as authority here. Many were decided as they were because an automobile was found to be a dangerous instrumentality, and it was held as a matter of policy that one who places a dangerous instrument in the hands of another should be answerable for injuries caused thereby. Schweinhaut v. Flaherty, 49 F2d 533. These cases cannot serve as authority here since in Illinois an automobile is not a dangerous instrumentality per se. Arkin v. Page, 287 Ill 420, 123 NE 30.

The plaintiff in this case offered no evidence to show that pushing other automobiles was a practice accepted as within the normal course of a driver's employment. No evidence was offered that the defendant had acquiesced in such actions in the past or that there were circumstances which implied knowledge by the defendant of such acts. As the case came to a close, the evidence of the defendant remained uncontradicted either directly or indirectly, while the plaintiff's case on the indispensable element of agency rested on either a presumption, which had ceased to exist, or on inferences favorable to him, if any there were, which could be drawn from the whole evidence.

The test to be applied to a defendant's motion for a directed verdict at the close of the evidence is whether there is any evidence or reasonable inferences arising from the evidence, tending to prove the cause of action alleged in the complaint. The court must decide if the plaintiff's evidence fails as a matter of law to support the complaint. It becomes a question of law only where the evidence is such that all reasonable men would reach the same conclusion or where there is a total failure to prove one or more of the elements necessary to the cause of action. Wojtowicz v. Sarno, 45 Ill App2d 223, 195 NE2d 218;

Lutz v. Chicago Transit Authority, 36 Ill App2d 79, 183 NE2d 579.

If there were some dispute as to whether McFarland was in fact pushing Davajon's car, or if there were some doubt whether the gratuity he was to have received would not have been his own but would have been registered on the meter of the cab as the company's income, or if there were some doubt about the company's rules, or if the company had closed its eyes to past derelictions of duty by its drivers and thus had countenanced infractions of its rules, reasonable men might disagree whether or not McFarland was the company's agent at the moment of impact with Brill's automobile. But under the evidence as presented, we believe all reasonable men would conclude that at the time of this occurrence McFarland had departed from his employer's business and that in pushing Davajon's car he was performing an act which caused a temporary lapse in the agency relationship of employer and employee.

In view of the plaintiff's complete failure to establish the material element of agency, the trial court should have directed a verdict for the defendant or allowed its motion for judgment notwithstanding the verdict. The plaintiff may have had a case against McFarland, whom he did not sue, or against Davajon, whom he did, but he has no case against the defendant, Checker Taxi Company, and the judgment is, therefore reversed.

Reversed.

SCHWARTZ, P. J. and SULLIVAN, J., concur.