JOHN L. SZAJNA, Plaintiff-Appellant, v. GENERAL MOTORS CORPORA-
TION, Defendant-Appellee.

First District (2nd Division)    No. 84—0276

Opinion filed January 16, 1985.—Rehearing denied February 19, 1985.

———————
*This opinion was adopted by the court prior to the retirement of Justice Gold-
berg.

Richard J. Friedman, of Highland Park, and John F. O'Meara, of Chicago (Leoris & Cohen, of counsel), for appellant.

William R. Jentes, Steven J. Harper, and Steven L. Zeller, all of Kirkland & Ellis, of Chicago (Louis H. Lindeman, Jr., of counsel), for appellee.

JUSTICE PERLIN delivered the opinion of the court:

John L. Szajna (plaintiff) appeals from the trial court's dismissal with prejudice of his second amended three-count complaint (complaint) which sought a declaratory judgment and damages. Plaintiff, the purchaser of a new 1976 Pontiac Ventura car, filed this action against General Motors Corporation (GMC) on behalf of himself and other persons similarly situated, contending that 1976 Pontiac Ventura cars were equipped with "inferior" transmissions designed for use not in the heavier Venturas, but in the lighter and smaller "Chevette" model cars. As a result, plaintiff alleges the value of 1976 Pontiac Venturas was "lessened." Damages were premised solely on economic loss and not injury to person or property.

Count I of the complaint asserted liability on an alleged breach of an implied warranty pursuant to section 2—314 of the Uniform Commercial Code (UCC) (Ill. Rev. Stat. 1979, ch. 26, par. 2—314) and section 110 of the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act (15 U.S.C. sec. 2310(d) (1976)). Plaintiff contended

that because of the allegedly inferior transmissions, cars sold as "1976 Pontiac Venturas" would not "pass without objection in the trade" and were not "of fair average quality within the description."

Count II of the complaint asserted liability on an alleged breach of an express warranty pursuant to section 2—313 of the UCC (Ill. Rev. Stat. 1979, ch. 26, par. 2—313). Plaintiff contended that the trade name "1976 Pontiac Ventura" was a "description" of goods which gave rise to an express warranty that the car would be equipped with a transmission of a particular "kind or quality."

Count III of the complaint alleged common law fraud against GMC. Plaintiff contended that the trade name "1976 Pontiac Ventura" was a "statement of material fact" which was in part untrue because the transmissions in the Ventura were not appropriate for those cars.

In March 1980, the trial court granted GMC's motion to dismiss the complaint for failure to state a cause of action, but granted plaintiff leave to file a third-amended complaint. In response plaintiff filed a motion requesting the trial court to reconsider its order of dismissal or, in the alternative, to state conclusions of law in support of its order. The court thereupon entered an order dismissing the complaint with prejudice and containing the following "conclusions of law":

"[RELATING TO COUNT I]

(1) Under the Illinois law, privity of contract is a prerequisite to suit for breach of implied warranty alleging economic loss;

(2) The Magnuson-Moss Act expressly incorporates state law privity requirements in implied warranty suits under the Act by defining 'implied warranty' as those implied warranties 'arising under state law' in 15 U.S.C. sec. 2301(7);

(3) In this case, Illinois law applies to plaintiff's implied warranty claims;

(4) No privity of contract exists between the plaintiff and defendant General Motors Corporation;

(a) The warranty attached to the second amended complaint is a limited warranty running to the ultimate purchaser, but does not give rise to the implied warranties asserted by plaintiff.

[RELATING TO COUNT II]

(5) As a matter of law, plaintiff has failed to allege the exist-

ence of an express warranty by defendant, General Motors Corporation, that plaintiff's automobile would be equipped with a particular transmission; and

[RELATING TO COUNT III]

(6) As a matter of law, plaintiff has failed to allege any misstatement of a material fact by defendant General Motors Corporation giving rise to an action for fraud."

Plaintiff appeals. In reviewing an order of a trial court dismissing a complaint for failure to state a cause of action, the reviewing court must accept as true all well-pleaded facts in the complaint, and all reasonable inferences flowing therefrom (*Samuels v. Checker Taxi Co.* (1978), 65 Ill. App. 3d 63, 382 N.E.2d 424), and must determine whether, as a matter of law, the complaint states a cause of action. *Jones v. Eagle II* (1981), 99 Ill. App. 3d 64, 424 N.E.2d 1253.

### COUNT I

The trial court dismissed count I of the complaint, which alleged breach of an implied warranty, on the ground that these parties were not in privity, whereas Illinois law requires privity to maintain an action for economic loss resulting from breach of an implied warranty.

■ Plaintiff's contention is two-fold; he requests this court to: (1) abolish the privity requirement in such cases; or, (2) find that in the instant case the parties were in privity.

With respect to the doctrine of privity, plaintiff argues that it should be abolished for causes of action like the one asserted here. He notes that the majority of other jurisdictions have done so, and that our supreme court has done so with regard to other causes of action (*Suvada v. White Motor Co.* (1977), 32 Ill. 2d 612, 210 N.E.2d 182 (lack of privity not a defense in tort actions); *Berry v. G. D. Searle & Co.* (1974), 56 Ill. 2d 548, 309 N.E.2d 550 (privity not required in action for personal injuries arising from breach of implied warranty); *Redarowicz v. Ohlendorf* (1982), 92 Ill. 2d 171, 441 N.E.2d 324 (action against home builder by subsequent purchaser for breach of implied warranty of habitability not barred by lack of privity). Plaintiff contends that the privity defense is an outdated relic whose abolition is required by changing economic realities.

Illinois law still recognizes that privity is a requirement in actions for economic loss resulting from breaches of implied warranties. (*Spiegel v. Sharp Electronics Corp.* (1984), 125 Ill. App. 3d 897, 466 N.E.2d 1040; *Frank's Maintenance & Engineering, Inc. v. C. A.*

*Roberts Co.* (1980), 86 Ill. App. 3d 980, 408 N.E.2d 403.) While our supreme court may in time review the continued viability of the privity doctrine in relationship to implied warranties, that decision is not one for this court to make.

■ Plaintiff next argues that even if this court upholds the privity requirement, we should find that the parties here were in privity. Citing to the opinion in *Crest Container Corp. v. R. H. Bishop Co.* (1982), 111 Ill. App. 3d 1068, 445 N.E.2d 19, for the proposition that privity requires only that the parties have "some" contractual relationship with each other, plaintiff contends that since in the instant case plaintiff received an express written limited warranty from GMC when he purchased the car, the parties are in privity for purposes of implied warranties.

We cannot agree. The express written limited warranty provided to plaintiff was effective for "12 months or 12,000 miles of use whichever first occurred." This express warranty included a disclaimer which stated, in part: "ANY IMPLIED WARRANTY APPLICABLE TO THIS CAR IS LIMITED IN DURATION TO THE DURATION OF THIS WRITTEN WARRANTY." Such disclaimers are permitted under the UCC (see Ill. Rev. Stat. 1979, ch. 26, pars. 2—313, 2—316 and 2—719) and will be upheld so long as they are reasonable and appropriately set forth in the contract. (See *Bowers Manufacturing Co. v. Chicago Machine Tool Co.* (1983), 117 Ill. App. 3d 226, 453 N.E.2d 61; *Frank's Maintenance & Engineering, Inc. v. C. A. Roberts Co.* (1980), 86 Ill. App. 3d 980, 408 N.E.2d 403.) Here, plaintiff concedes that he has not alleged breach of the written limited warranty, and that it was not in fact breached.

While the parties were in privity for purposes of the provisions in the express written limited warranty, they were not in privity for purposes of implied warranties, which were specifically disclaimed by the express warranty. Nor do we find that the *Crest Container* case requires a different holding. We agree that that decision merely "describes a very narrow situation in which recovery of economic loss may be had on a warranty theory in the absence of privity. The exception dealt with by the court is limited to cases where a 'remote manufacturer knows "the identity, purpose and requirements of the dealer's customer and manufactured or delivered goods specifically to meet those requirements." ' [Citations.]" (*Spiegel v. Sharp Electronics Corp.* (1984), 125 Ill. App. 3d 897, 900, 466 N.E.2d 1040.) Plaintiff in the instant case has not alleged such knowledge on the part of GMC. Thus we conclude that plaintiff did not assert a cause of action under State law in count I.

178

■ Because the Magnuson-Moss Warranty Act provides that "[t]he term 'implied warranty' means an implied warranty arising out of State law ***" (15 U.S.C. sec. 2301(7) (1976)), we believe that for the reasons aforestated this Act provides no basis for relief for plaintiff. Therefore, we affirm the trial court's dismissal of count I of the complaint.

## Count II

■ Section 2—313 of the UCC (Ill. Rev. Stat. 1979, ch. 26, par. 2—313) provides, in part:

"(1) Express warranties by the seller are created as follows:
* * *

(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description."

In count II, plaintiff contends that the trade name "1976 Pontiac Ventura" is a "description" of the car which gives rise to an express warranty that the car will have a transmission of a particular kind and quality. In support, plaintiff cites to cases wherein the actual mislabeling of a product was held to be a breach of the express warranty that the product would conform to the label. In *Klein v. Asgrow Seed Co.* (1966), 246 Cal. App. 2d 87, 54 Cal. Rptr. 609, the defendant seed grower was held liable for breach of an express warranty when it was found that tomato seeds labeled as "VF-36" were in fact "rogue" seeds of lesser quality, incapable of producing VF-36 tomatoes. In *Kilborn v. Henderson* (1953), 37 Ala. App. 173, 65 So. 2d 533, the court affirmed the finding of a breach of an express warranty where a car advertised as a "1940 Mercury" was found to have a motor which was manufactured several years before 1940.

We do not find such situations analogous to that presented here. The car plaintiff intended to purchase—a 1976 Pontiac Ventura—was in fact the car he received. Plaintiff does not rely on any "description" of the transmission other than the car's trade name. We do not believe that defendant's use of a trade name, alone, can be extended to encompass a "description" of the transmission used. In sum, we find no mislabeling or "misdescription," and we affirm the trial court's dismissal of count II of the complaint.

## Count III

■ The allegations, and theory, of count III are similar to those found in count II of the complaint. In count III plaintiff charges GMC with fraud, contending that the trade name "1976 Pontiac Ven-

tura" is a "statement of material fact" which should be construed to include a factual assertion that a car so labeled contains a transmission of a particular kind or quality. Because plaintiff alleges that the transmission in that car was, in fact, "inferior," he concludes that GMC's labeling of the car as a "1976 Pontiac Ventura" was an intentional misstatement of material fact. In support, plaintiff cites to cases wherein specific statements of fact relevant to the product were found to be untrue and therefore actionable. In *Alver v. Broadway Buick Sales Co.* (1958), 18 Ill. App. 2d 542, 152 N.E.2d 614 (abstract), and *Ballard v. Byerly* (1924), 233 Ill. App. 522, liability was found when cars were represented to be of a different year and model than they in fact were. The representations made in those cases were held to be misstatements of material fact. Again, we find no similar misstatements of fact in the instant case.

Generally, a trademark or brand name designates the source of the product (*Technical Publishing Co. v. Lebhar-Friedman, Inc.* (7th Cir. 1984), 729 F.2d 1136) and represents that the product meets the requirements of the trademark owner. (See, *e.g., Menendez v. Holt* (1888), 128 U.S. 514, 32 L. Ed. 526.) We cannot accept plaintiff's theory that the trademark or brand name, alone, is intended to include a representation that the component parts of the product are of a particular kind or quality. GMC represented the car purchased by plaintiff to be a "1976 Pontiac Ventura" which, admittedly, it was. We find no misstatement of material fact regarding the transmission by virtue of the car's trade name. It follows that the trial court correctly dismissed count III of the complaint.

For the reasons stated herein, the order of the trial court dismissing plaintiff's second-amended complaint is affirmed.

Affirmed.

STAMOS, P.J., and HARTMAN, J., concur.