WILLIAM J. BAGEL, Plaintiff-Appellant, v. AMERICAN HONDA MOTOR COMPANY, INC., *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 84—741

Opinion filed March 29, 1985.

Davis & Cichorski, of Chicago (Richard M. Janci, of counsel), for appellant.

Cassiday, Schade & Gloor, of Chicago (Debra K. Marcus, John J. Pappas, and Richard E. Patinkin, of counsel) for appellees.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, William J. Bagel, filed this action against defendant-appellee American Honda Motor Company, Inc., and defendant Carr's Motorcycle Division seeking to recover damages for the repair, loss of use and loss of value for a Honda motorcycle. No personal injury or other property damage was sustained. Plaintiff sought recovery under theories of negligence, strict products liability and breach of implied warranty. Pursuant to section 2—615(a) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—615(a)), the trial court dismissed with prejudice both counts of plaintiff's complaint against American Honda.

Plaintiff purchased a used Honda CX500 motorcycle from Fred Humphreys, the original purchaser, in 1979. American Honda had

provided an express limited warranty to Humphreys. This warranty was expressly given to the first retail purchaser only and was not transferable to subsequent owners. It provided coverage for six months from the date of purchase or 6,000 miles. The express limited warranty limited all implied warranties to the duration of the written guaranty and specifically disclaimed responsibility for all consequential damages.

In November 1978, American Honda undertook a recall campaign of its CX500 motorcycles to correct a possible cam chain defect, which would cause breakage and engine lock-up. Pursuant to the recall directive, Carr's Honda modified and repaired Humphreys' motorcycle. On April 19, 1981, while plaintiff's motorcycle was idling in his garage, the engine seized and the motorcycle ceased operating. Plaintiff did not sustain personal injury and there was no property damage other than to the motorcycle.

In 1983, plaintiff filed a three-count complaint against American Honda and Carr's Honda. Plaintiff alleged that the engine seizure was a direct result of cam chain breakage, causing a complete mechanical failure of the motorcycle. Count I alleged that American Honda negligently designed and manufactured the motorcycle and that its defective condition was unreasonably dangerous to plaintiff and his property. Count II alleged that Carr's Honda negligently repaired the cam shaft mechanism prior to the engine seizure. Count III alleged that American Honda breached an implied warranty of merchantability pursuant to the Uniform Commercial Code. Finally, plaintiff alleged that he sustained damages, including cost of repair, loss of use, of profits, and of value of the motorcycle, due to its mechanical failure.

American Honda filed its motion to dismiss, contending that count I of plaintiff's complaint failed to state a cause of action allowing tort recovery for negligence or strict products liability according to the economic loss doctrine set out in *Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 435 N.E.2d 443. American Honda also contended that count III failed to state a cause of action for breach of implied warranty pursuant to the terms of the express limited warranty which limited the duration of the implied warranty and type of damage recoverable. The trial court granted American Honda's motion to dismiss both counts of the complaint directed against it. Count II of plaintiff's complaint remains pending in the trial court against Carr's Honda.

■■ ■ In ruling upon a motion to dismiss, all well-pleaded facts in the complaint are taken as true and all reasonable inferences are

drawn in favor of the opponent. (*Palatine National Bank v. Greengard Associates, Inc.* (1983), 119 Ill. App. 3d 376, 456 N.E.2d 635.) A motion to dismiss, however, does not admit conclusions of law or fact which are unsupported by allegations of specific facts. (*Harvey v. Mackay* (1982), 109 Ill. App. 3d 582, 440 N.E. 2d 1022.) A complaint should not be dismissed for failure to state a cause of action unless it clearly appears that no set of facts could be proved entitling plaintiff to relief. (*Palatine National Bank v. Greengard Associates* (1983), 119 Ill. App. 3d 376, 456 N.E.2d 635.) Moreover, the granting of a motion to dismiss is within the sound discretion of the trial court. *Harvey v. Mackay* (1982), 109 Ill. App. 3d 582, 430 N.E.2d 1022.

■ Plaintiff initially contends that the complaint, which alleges only damage to a defective product and resulting losses, states a cause of action allowing tort recovery. Both parties agree that *Moorman* and *Vaughn v. General Motors Corp.* (1984), 102 Ill. 2d 431, 466 N.E.2d 195, are controlling. Plaintiff contends that damages to a motorcycle caused by a defective cam chain in the engine which posed a risk of harm to plaintiff and his property are the type of loss for which tort recovery is allowed. Defendant counters that the present allegations preclude recovery under *Moorman* and *Vaughn*.

In *Moorman*, the court delineated the scope of tort and contract actions for economic losses caused by defective products. The court held that physical injury to a person or his property was compensable under tort theories of strict products liability or negligence where plaintiff has been exposed to unreasonable risk of injury. On the other hand, economic loss resulting from a qualitative defect in a product was within the realm of contract law which protected a consumer's expectation interests. In a situation where the harm alleged is damage to a product itself, the court distinguished between physical property damage (tort remedy) and economic loss (contract remedy). Quoting with approval the reasoning of *Pennsylvania Glass Sand Corp. v. Caterpillar Tractor Co.* (3d Cir. 1981), 652 F.2d 1165, the court stated:

> " 'In drawing this distinction [between physical damage and economic loss] the items for which damages are sought, such as repair costs, are not determinative. Rather, the line between tort and contract must be drawn by analyzing interrelated factors such as the nature of the defect, the type of risk, and the manner in which the injury arose. These factors bear directly on whether the safety-insurance policy of tort law or the expectation-bargain protection policy of warranty

law is most applicable to a particular claim.' [Citation.]" (*Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 85, 435 N.E.2d 443.)

The court further explained the distinction by focusing on the element of causation to determine the type of loss involved:

> " 'When the defect causes an accident "involving some violence or collision with external objects," the resulting loss is treated as property damage. On the other hand, when the damage to the product results from deterioration, internal breakage, or other non-accidental causes, it is treated as economic loss. \*\*\*' [Citation]." (91 Ill. 2d 69, 83, 435 N.E.2d 443.)

See also *Vaughan v. General Motors Corp.* (1983), 118 Ill. App. 3d 201, 454 N.E.2d 740, *aff'd* (1984), 102 Ill. 2d 431, 466 N.E.2d 195.

In *Moorman*, the supreme court found that the type of loss resulting from a crack in a grain storage tank was economic loss for which there was no recovery in tort. Although plaintiff had alleged a "sudden and violent" occurrence, the court concluded that since the crack had developed over a period of time the harm resulted from a qualitative defect. In *Vaughan*, the court held that plaintiff had stated a cause of action based on strict products liability where plaintiff's truck sustained damage due to an accident involving defective brakes. Plaintiff was driving the truck when the brakes locked, causing the truck to overturn. The court reiterated the distinction announced in *Moorman* between physical harm or property damage and economic loss with respect to damage to the product itself. The court concluded that the complaint alleged a "sudden and calamitous occurrence" caused by a defect in the product.

Therefore, *Moorman* and *Vaughn* require an inquiry into the type of damage alleged, the nature of the defect and the manner in which the damage occurred. If property damage results from a sudden or dangerous occurrence, then tort theory may provide recovery. If the loss relates to a purchaser's disappointed expectations due to deterioration, internal breakdown or nonaccidental cause, then the remedy lies in contract. See *Bi-Petro Refining Co. v. Hartness Painting, Inc.* (1983), 120 Ill. App. 3d 556, 458 N.E.2d 209.

■ Here, plaintiff alleged damages as follows: cost of repair, lost profits, and loss of use and loss of value of the motorcycle. Plaintiff clearly alleged damage to the product itself and resulting losses, falling within the *Moorman* definition of economic loss. The nature of the alleged defect was a breakage of the engine's cam chain. The damage allegedly occurred when the "engine suddenly

stopped and seized" while the motorcycle was idling in plaintiff's garage. Although plaintiff alleges that this was a sudden occurrence, we find that the loss resulted from a qualitative defect in the motorcycle like the crack in the grain storage tank in *Moorman*. Here, as in *Moorman*, the defect developed over a period of time. The engine ceased operating over two years and several thousand miles after the cam chain was repaired pursuant to American Honda's recall directive. Whether the damage to the engine resulted from gradual deterioration or internal breakage, it did not occur in a dangerous manner that posed an unreasonable risk of injury to plaintiff or his property. The loss related to plaintiff's disappointed commercial expectations.

This occurrence is clearly different from the truck accident in *Vaughn*. In that case, the brakes locked, causing the truck to overturn while plaintiff was driving the vehicle. The damage to the product in *Vaughn* resulted from a dangerous and calamitous event which threatened plaintiff with physical injury and property damage. The defect itself actually caused a risk of injury. Here, the damage to the product occurred while the engine was idling, not while the motorcycle was in use or motion. There was no sudden and calamitous event; there was no actual threat of injury to plaintiff or to his property. The supposition that plaintiff could have been injured had he been riding on the motorcycle is merely a possibility that did not occur. In Illinois, a motor vehicle is not a dangerous instrumentality *per se*. See *Brill v. Davajon* (1964), 51 Ill. App. 2d 445, 201 N.E.2d 253.

In a similar situation where the engine of an electrical generator failed, the Supreme Court of Alaska held that the plaintiff's loss was economic and nonrecoverable under a strict products liability theory. (*Northern Power & Engineering Corp. v. Caterpillar Tractor Co.* (Alaska 1981), 623 P.2d 324.) There, plaintiff alleged that the engine sustained damage as a result of a defective oil pressure mechanism which failed to operate and caused the engine to seize. In finding that this was not a dangerous occurrence, the court found that there was no showing that the defect presented a danger to persons or other property and no showing of violence, fire, collision with external objects, or other calamity as a result of this failure. "The engine apparently just stopped operating." (623 P.2d 324, 329.) Likewise in *Gibson v. Reliable Chevrolet, Inc.* (Mo. App. 1980), 608 S.W.2d 471, the court denied recovery in strict liability in tort where plaintiff was driving her automobile and the engine ceased to function. The court concluded that plaintiff's pecuniary loss did not

result from a violent occurrence or imminently dangerous product, but rather from internal breakage.

■ We also reject plaintiff's contention that American Honda admitted in its recall claim that the cam chain was defective and presented an unreasonable risk of injury to persons or property. American Honda's recall notice stated that "cam chain breakage could occur, and there is a possibility of engine lock up. In that case, loss of control and vehicle crash could result." A manufacturer's recall does not admit a defect in a particular product, but refers to the possibility of a defect in a certain class of products. Further, American Honda has not admitted that plaintiff has a cause of action in strict products liability by filing a motion to dismiss, since such a motion does not admit conclusions of law. (*Harvey v. Mackay* (1982), 109 Ill. App. 3d 582, 430 N.E.2d 1022.) Accordingly, we hold as a matter of law that plaintiff's complaint does not state a cause of action for negligence or strict products liability. Therefore, the trial court correctly dismissed count I of plaintiff's complaint.

■ Plaintiff next contends that its complaint states a cause of action for breach of implied warranty of merchantability against American Honda under section 2—314 of the Uniform Commercial Code (Ill. Rev. Stat. 1983, ch. 26, par. 2—314). Plaintiff purchased the used motorcycle from Humphreys, the original purchaser who received American Honda's express and implied warranties. Generally, privity of contract is a necessary element in Illinois for an action on an implied warranty for economic losses. (*Spiegel v. Sharp Electronics Corp.* (1984), 125 Ill. App. 3d 897, 466 N.E.2d 1040.) Plaintiff was not in privity of contract with American Honda and, therefore, cannot claim breach of implied warranty against American Honda. Moreover, there is no allegation that plaintiff, a second-hand purchaser, fits within the third-party beneficiary exception to the privity requirement. (See *Frank's Maintenance & Engineering, Inc. v. C.A. Roberts Co.* (1980), 86 Ill. App. 3d 980, 408 N.E.2d 403.) Further, plaintiff does not allege that he purchased the motorcycle from a merchant within the meaning of the Uniform Commercial Code. Section 2—314 of the Uniform Commercial Code states in pertinent part:

"Unless excluded or modified *** a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind."

The original purchaser, Humphreys, who sold the motorcycle to plaintiff was not a merchant. There is no allegation that Humphreys was a Honda dealer or a professional in the business of selling mo-

torcycles. Rather it appears that the transaction was an isolated sale which does not confer "merchant" status upon Humphreys for the purpose of the Uniform Commercial Code (Ill. Rev. Stat. 1983, par. 2—314(i); see *Sieman v. Alden* (1975), 34 Ill. App. 3d 961, 341 N.E.2d 713). Because plaintiff was not in privity of contract with American Honda and purchased the used motorcycle from a seller who was not a merchant, plaintiff cannot claim breach of implied warranty of merchantability. We need not consider, therefore, American Honda's argument that the terms of its express warranty limited its implied warranty of merchantability to the first purchaser for six months or 6,000 miles.

■■ ■ We likewise reject plaintiff's contention that American Honda waived its limitation of implied warranty of merchantability by its letter to plaintiff dated September 11, 1981. In the letter American Honda stated that it would not extend the warranty period and would not pay plaintiff's repair costs. American Honda had no warranty obligations toward plaintiff, and, therefore, a waiver agreement is inapplicable. Nor do we accept plaintiff's argument that American Honda's recall campaign was an exclusive remedy which failed of its essential purpose pursuant to Uniform Commercial Code section 2—719(2), for the same reason. There can be no claim of failure of an exclusive remedy when American Honda had no contractual obligations toward plaintiff. The complaint did not state a cause of action for breach of implied warranty against American Honda on the grounds of waiver or Uniform Commercial Code section 2—719(2). The trial court properly dismissed count III of plaintiff's complaint against American Honda.

For the foregoing reasons, the judgment of the circuit court of Cook County dismissing counts I and III of plaintiff's complaint directed against American Honda is affirmed.

Judgment affirmed.

McGILLICUDDY and RIZZI, JJ., concur.