**TAMURA, INC., d/b/a Schino's Restaurant, and Audio Mixers Recording Co., Plaintiffs,**

v.

**SANYO ELECTRIC, INC. and Sanyo Electric Company Ltd., Defendants.**

No. 85 C 9750.

United States District Court,
N.D. Illinois, E.D.

March 17, 1986.

Thomas A. McDonald, David H. Galowich, Clausen, Miller, Gorman, Caffrey & Witous, Chicago, Ill., for plaintiffs.

L. Barrett Bodach, Heineke, Burke & Healy, Chicago, Ill., for defendants.

MEMORANDUM OPINION
AND ORDER

ASPEN, District Judge:

This is a four count diversity suit which arises from a fire in plaintiff Tamura Inc.'s restaurant, allegedly caused by a cassette tape deck defendants ("Sanyo") had manufactured. Sanyo has moved to dismiss Counts III and IV, which respectively allege a tort theory of *res ipsa loquitur* and a contract theory of breach of implied warranty of merchantability. For the reasons that follow, the Court denies the motion, although it dismisses Count III for reasons other than those offered by Sanyo.

### 1. Standard of Review

In considering Sanyo's attack on the complaint, we assume the truth of the alleged facts.[1] *E.g. Ellsworth v. City of Racine,* 774 F.2d 182, 184 (7th Cir.1985). The Supreme Court held in 1957 that under the federal system of notice pleading, a court shall not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The Seventh Circuit, however, has not applied this standard literally, *see Carl Sandburg Village Condominium Ass'n. v. First Condominium Development Co.,* 758 F.2d 203, 207 (7th Cir.1985); *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1984), *cert. denied,* — U.S. —, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985); *Sutliff, Inc. v. Donovan Companies, Inc.,* 727 F.2d 648, 654 (7th Cir.1984), although it might be argued that the Supreme Court apparently has taken it literally in *Hishon v. King & Spaulding,* 467 U.S. 69, 104 S.Ct. 2229, 2233, 81 L.Ed.2d 59 (1984). The Seventh Circuit has noted that a complaint need not set out relevant facts in detail, *Benson v.*

---

[1] We do not include below facts which plaintiffs mention in their brief but not their complaint. However, while looking solely to the complaint, we must draw reasonable inferences from the facts and resolve them in plaintiffs' favor. *See, e.g., Ellsworth v. City of Racine,* 774 F.2d 182, 184 (7th Cir.1985).

*Cady,* 761 F.2d 335, 338 (7th Cir.1985), citing *Conley,* but it must at least sketch out direct or inferential allegations concerning each material element of the claim for relief. *Carl Sandburg,* 758 F.2d at 207; *Sutliff,* 727 F.2d at 654. That is, the plaintiff must allege enough "facts to outline the cause of action." *Ellsworth,* 774 F.2d at 184. Motivated by increasing federal caseloads and the costs of litigation—especially in certain areas of the law, like antitrust or civil rights—the Seventh Circuit has been requiring relatively more detailed factual allegations. *See Car Carriers, supra; Sutliff, supra; Strauss v. City of Chicago,* 760 F.2d 765, 767 (7th Cir.1985) (requiring factual particularity to support *"Monell*-type" allegations). Recent Seventh Circuit cases seem to run the gamut from requiring the barest notice pleading almost to demanding long-discarded fact pleading for some types of cases.[2] Fortunately, we need not try to reconcile these cases with Rule 8, with *Conley,* or with each other, because we hold below that the complaint satisfies any of the formulations.

### 2. *Facts*

The complaint alleges the following facts: Tamura does business as a restaurant named "Schino's." Plaintiff Audio Mixers is a recording company next door. The two Sanyo defendants (one is an American corporation, and its kin is from Japan) design, manufacture and distribute cassette tape players, including one which Schino's restaurant brought on March 13, 1985. That same day the new tape player[3]

started a fire, damaging both plaintiff's real and personal property. No personal injuries are alleged.

Count I is premised on a theory of strict liability in tort. Count II alleges that Sanyo's negligent manufacture or design of the tape player started the fire. Titled "Res Ipsa Loquitor" (sic), Count III also alleges that:

(1) a fire in a tape player does not ordinarily happen without negligence;

(2) Sanyo had exclusive control over the design, manufacture, assembly, distribution, and sale of the cassette deck; and

(3) Schino's and Audio Mixers exercised no control over the acts mentioned in the preceding paragraph.

Count IV sounds in contract and is premised on the warranty of merchantability implied by law in § 2–314 of the Uniform Commercial Code ("UCC"), Ill.Rev.Stat. ch. 26, ¶ 2–314 (1983).

### 3. *The Attack on Count III*

Sanyo argues that since Count III alleges that Schino's had control over the tape player at the time of the fire, plaintiffs' theory of *res ipsa loquitur* is stillborn in the complaint. This contention is incorrect.

▐ Before addressing the merits of this contention, we observe at the outset that it is rather odd—for federal pleading purposes at least—that plaintiffs allege *res ipsa loquitur* as a separate claim for relief. It is not a legal claim but rather a species

---

**2.** We note that the signals the Seventh Circuit is sending are not altogether consistent. Judge Posner, who began the trend in *Sutliff,* has seemed more lenient in two recent opinions. *See American Nurses' Ass'n. v. State of Illinois,* 783 F.2d 716, 726–29 (1986); *Orthmann v. Apple River Campground, Inc.,* 757 F.2d 909, 914–15 (7th Cir.1985). In *American Nurses,* he says "a complaint is not required to allege all, or any of the facts logically entailed by the claim." At 727. In *Orthmann,* he conceded that the complaint there "fails to plead facts showing his theory of liability," but concluded that "this is no ground for dismissal," and he relied on facts *outside* of the appellate record and the complaint to sustain the complaint. 757 F.2d at 915. *Orthmann* recites the traditional view that "[t]he function of the complaint under the federal

rules is to notify the defendant of the plaintiffs' claim rather than to detail the evidence which if true would show that the plaintiff ought to win." Ironically, the opinion also appears to take *Conley* literally, saying that "dismissal under Rule 12(b)(6) is proper only if the allegations of the complaint make clear that the plaintiff cannot state a claim." *Id.* In both *Orthmann* and *American Nurses, Sutliff* is not mentioned.

**3.** While the tape player is called "new" in the brief, not the complaint, this is a fair inference from the complaint's allegations that it was bought on March 13 and burned on March 13. Thus, Sanyo's rather picky objection to plaintiffs' use of the adjective "new" is overruled.

of the law of evidence. The theory of recovery, the "claim for relief," is "negligence," and the *res ipsa* doctrine is merely a mode of *proving* negligence through circumstantial evidence. *See generally* Prosser & Keeton on Torts (5th Ed.1984), § 39. If the plaintiffs can produce evidence showing (1) that the accident was one that does not normally happen without negligence, (2) that the defendant had management or control of the object causing the accident, and (3) that they themselves did not contribute to the injury through some voluntary act of neglect, the jury is entitled, though not required, to infer that defendant was negligent and liable. *Lynch v. Precision Machine Shop, Ltd.*, 93 Ill.2d 266, 272, 66 Ill.Dec. 643, 646, 443 N.2E.2d 569, 572 (1982).[4] Essentially, the elements of *res ipsa* focus negligence on the defendant in a negative fashion, through a process of eliminating other reasons for and sources of the accident. In that respect, it is similar to the indirect method of proof in employment discrimination cases, where a plaintiff may prove unlawful discrimination by eliminating other reasonable explanations for his or her employer's acts.[5] But just as a plaintiff in an employment discrimination case need not allege in the complaint each element of the indirect formula of proof, *see Oxman v. WLS–TV*, 595 F.Supp. 557, 563 (N.D.Ill.1984), a plaintiff need not allege the elements of *res ipsa,* or even *mention* it, in his complaint in order to use it at trial. *See* 5 C. Wright & A. Miller, *Federal Practice & Procedure,* § 1249 (1969) at 230–34;[6] *Fassbinder v. Pennsylvania Railroad Co.*, 322 F.2d 859, 863 (3d Cir.1963) ("*res ipsa* . . . is simply a rule of evidence. . . . It does not have to be pleaded . . . since it is neither a cause of action nor a ground for recovery"). The theory of recovery is negligence, and both Counts II and III adequately set forth the elements of negligence—duty of care, negligence, proximate causation and injury— and thus outline the claim for relief. Form 9 in the appendix to the Federal Rules makes clear that the pleading threshold for a negligence suit is indeed low.[7] *See American Nurses,* at 724.

■ From the above discussion it is clear that Count III was completely unnecessary since it duplicates Count II. Had only Count II been pled, plaintiffs could have proceeded to discovery and sought evidence under both a direct theory of proving negligence and a *res ipsa* theory. Because it adds nothing to Count II, but rather is a subset of Count II, we will dismiss it for that reason rather than those offered by Sanyo. This dismissal works no real harm

---

4. The parties have assumed, and we agree, that Illinois law governs this diversity suit. We must apply Illinois' choice of law rules. *Klaxon v. Stentor Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Illinois courts apply the "most significant relationship" test in tort cases. *See Ingersoll v. Klein*, 46 Ill.2d 42, 262 N.E.2d 593 (1970). Four factors are relevant: (1) the place of injury; (2) the place where the conduct causing the injury occurred; (3) the domicile, place of incorporation and place of business of the parties; and (4) the center of gravity of the parties' relationship. *See, e.g., McIntosh v. Magna Systems, Inc.*, 539 F.Supp. 1185, 1189 (N.D. Ill.1982) (Aspen, J.). While factor (3) cancels out, and factor (2) points elsewhere, factors (1) and (4) point clearly to Illinois. We conclude that Illinois has a more significant relation to this suit than any other State, and thus its law governs.

5. *See, e.g., LaMontagne v. American Convenience Products*, 750 F.2d 1405, 1409–10 (7th Cir.1984), *discussing, McDonnell-Douglas Corp.*

*v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

6. Professors Wright and Miller write in those pages:

As the Official Forms indicate, a detailed statement of the circumstances constituting negligence is not necessary or desirable, and a general allegation of negligence will be sufficient. This basic proposition has been applied in numerous contexts including cases involving . . . res ipsa loquitur. If defendant needs details as to the specific manner in which he is claimed to have been negligent, he can obtain them under the provisions for discovery.

7. The allegation of negligence in Form 9 read: On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff who was then crossing said highway.

on plaintiffs, since they may freely develop their *res ipsa* theory under Count II.

Despite our above discussion, we think it appropriate to comment briefly on the merits of Sanyo's attack on plaintiffs' *res ipsa* allegations. While it was not necessary for plaintiffs to plead *res ipsa,* they did so, and we may properly examine the complaint to see if they pled "[themselves] out of court by including factual allegations which if true show that [their] legal rights were not invaded." *American Nurses,* at 724; *Orthmann,* 757 F.2d at 915. Thus we will examine the complaint to see if it fails to state a claim for relief to the extent it is based on a negligence theory as proved by *res ipsa.*[8]

Sanyo focusses on the second, or so-called "exclusive control," element of *res ipsa.* It argues that plaintiffs have doomed their *res ipsa* theory from the start by admitting in the complaint that they had exclusive possession and control of the cassette deck itself when it caught fire. This argument fundamentally misunderstands the *res ipsa* doctrine.

While the term "exclusive control" is often used, the *Lynch* case, citing Prosser and the Second Restatement of Torts, emphasizes that the *res ipsa* test is flexible and simply a rule of evidence relating to plaintiffs' circumstantial proof. 93 Ill.2d at 274, 66 Ill.Dec. at 646–47, 443 N.E.2d at 572–73. It is neither rigid nor formulaic, and courts must take care not to get snared in semantic traps like "exclusive control." Indeed, Professor Prosser strongly advocated burying the term. Prosser and Keeton, § 39 at 249–51.

■ Sanyo has ensnared itself in just such a trap. "Exclusive control" does not mean "exclusive possession" at the time of injury, although such a fact might sometimes be relevant; rather, it means control

at the time of the alleged negligence. *See Kruger v. Newkirk,* 40 Ill.App.3d 581, 585, 352 N.E.2d 436, 439 (5th Dist.1976); Prosser and Keeton, § 39 at 250; *cf. Lynch,* 93 Ill.2d at 274–76, 66 Ill.Dec. at 647–48, 443 N.E.2d at 573–74 (plaintiff had possession of "boring mill" at time of accident, but defendant's repairman had control over it at time of negligence). It is well established that

> the fact that the plaintiff is ... using an appliance, which the defendant has manufactured or maintained, will not prevent the application of *res ipsa loquitur* when the evidence reasonably eliminates other explanations than the defendant's negligence. Some courts have said that it is enough that the defendant was in exclusive control at the time of the indicated negligence.

Prosser & Keeton, § 39 at 250. From cases cited in that hornbook, it is clear that *res ipsa* may apply if, for example, a pop bottle explodes or a new appliance burns, even though the plaintiff has "control" of the product at the time of the accident. *See also* Restatement (Second) of Torts, § 3280, Comment g (1965).[9]

■ Thus, plaintiffs clearly have not pled away their *res ipsa* theory. Of course, the evidence might later do them in, for example, if it comes out that the dealer or plaintiffs themselves tampered with the equipment before hooking it up. But that is a matter for proof, not a motion to dismiss at the pleading stage.

In summary, Count III is dismissed as duplicative, but plaintiffs may try to prove negligence in Count II both directly and indirectly.

### 4. The Attack on Count IV

■ Sanyo's attack on Count IV must also fail. It argues that Illinois courts still require privity of contract as an element in implied warranty suits brought under the

---

**8.** We also wish to comment briefly on the merits since, as we will show below, Sanyo so clearly misread the *res ipsa* doctrine. We hope our discussion will foreclose unnecessary discovery disputes or summary judgment motions.

**9.** That comment says in relevant part:

> It may be enough that the defendant was formerly in control, at the time of the probable negligence as in the case of a beverage bottler whose product poisons the consumer, when there is sufficient evidence to eliminate the responsibility of intermediate others.

UCC, and that since the complaint fails to allege that plaintiffs bought the cassette deck directly from Sanyo, the necessary element of privity is missing. The complaint alleges that Sanyo distributes and sells cassette players, and that the allegedly defective one was "sold by" Sanyo. It fails to allege that the restaurant bought it directly *from* Sanyo. Plaintiffs' responsive brief fills in the gap, saying that Schino's bought it from Pacific Stereo, supposedly an agent of Sanyo. This fact arguably might establish the privity, if privity were required. While there is Seventh Circuit authority that we can consider these additional facts since they are consistent with the allegations of the complaint, *see Orthmann*, 757 F.2d at 915, there is other authority that we must disregard unsubstantiated assertions that fall outside of the four corners of the complaint and its attachments. *See Rodgers v. Lincoln Towing Service, Inc.*, 771 F.2d 194, 198 (7th Cir.1985); *Seglin v. Esau*, 769 F.2d 1274, 1279 n. 3 (7th Cir.1985). We need not resolve this apparent inconsistency within our Circuit Court because even if we ignore plaintiffs' additional facts, we must deny Sanyo's motion since privity of contract is not required at all in this type of case.

Neither party mentioned that in 1974, the Illinois Supreme Court abolished the privity requirement for a UCC implied warranty case [10] alleging personal injuries. *Berry v. G.D. Searle*, 56 Ill.2d 548, 558, 309 N.E.2d 550, 555–56 (1974). The Court also held that a UCC remedy for personal injuries is distinct and addition to a tort remedy in strict liability, which also has no privity requirement. *Id.* at 553–54, 309 N.E.2d at 553–54; *see also Suvada v. White Motor Co.*, 32 Ill.2d 612, 210 N.E.2d 182 (1965). *Berry* controls Count IV. Thus, the failure to allege privity is irrelevant.

Sanyo relies on several recent appellate court cases which are distinguishable. *See Spiegel v. Sharp Electronics Corp.*, 125 Ill.App.3d 897, 81 Ill.Dec. 238, 466 N.E.2d 1040 (1st Dist.1984); *Crest Container Corp. v. R.H. Bishop Co.*, 111 Ill.App.3d 1068, 67 Ill.Dec. 727, 445 N.E.2d 19 (5th Dist.1982); *Frank's Maintenance & Engineering, Inc. v. C.A. Roberts Co.*, 86 Ill. App.3d 980, 42 Ill.Dec. 25, 408 N.E.2d 403 (1st Dist.1980); *also Bagel v. American Honda Motor Co.*, 132 Ill.App.3d 82, 87 Ill.Dec. 453, 477 N.E.2d 54 (1st Dist.1985); *Szajna v. General Motors Co.*, 130 Ill. App.3d 173, 85 Ill.Dec. 669, 474 N.E.2d 397 (1st Dist.1985). These cases establish that privity of contract is not yet dead in Illinois. They hold (subject to a few exceptions which we need not consider) that privity is still "a requirement *in actions for economic loss* resulting from breaches of implied warranties." *Szajna*, 130 Ill. App.3d at 176, 85 Ill.Dec. at 672, 474 N.E.2d at 400 (emphasis added). In each of the above cases, privity was required where the plaintiffs suffered only an intangible economic injury, rather than injury to other property or to their persons. This is obviously not such a case. In Illinois the distinction between "economic" loss on one hand and injury to person or property on the other is an important one. Under *Moorman Mfg. Co. v. National Tank Co.*, 91 Ill.2d 69, 61 Ill.Dec. 746, 435 N.E.2d 443 (1982), and its progeny, claims which allege only injury to "economic" interests must proceed only in contract, as opposed to both contract and tort. This case clearly involves property injuries, and thus falls outside of *Moorman, see Moorman*, 91 Ill.2d at 81, 61 Ill.Dec. at 751, 435 N.E.2d at 448, so that alternative theories of recovery in tort and contract are available under *Berry*. In sum, the lower Illinois courts have clung to privity only in *Moorman*-type "pure contract" cases,[11] but recognized that privi-

---

10. That case involved the implied warranty of fitness for particular purpose, UCC ¶ 2–315. There is no reason to treat the implied warranty of merchantability differently in this context.

11. The appellate court's continued adherence to privity in *Moorman*-type cases is perhaps tenuous in light of the Illinois Supreme Court's deci-

sion in *Redarowicz v. Ohlendorf*, 92 Ill.2d 171, 65 Ill.Dec. 411, 441 N.E.2d 324 (1982). *Redarowicz* involved the warranty of habitability which is implied by law in home sales contracts. Although the Court applied *Moorman* to hold that the suit involved solely economic loss and was therefore to proceed exclusively in contract,

ty is dead in cases involving tortious injury to person or property. *See Szajna,* 130 Ill.App.3d at 176, 85 Ill.Dec. 672, 474 N.E.2d at 400 (citing *Berry* and recognizing demise of privity in tortious injury context). Since this case falls under *Berry* rather than *Moorman,* privity is not required, and we therefore deny Sanyo's motion to dismiss Count IV.

### 5. *Conclusion*

In sum, the Court dismisses Count III, though plaintiffs may pursue *res ipsa* proof under Count II. The motion to dismiss Court IV is denied. Before the next status hearing on March 18, 1986, the parties shall discuss the prospects of settlement and a discovery schedule and time table, if need be, and then report to the Court at the hearing. It is so ordered.

it held that privity of contract was *not* required between a homebuilder and subsequent purchasers. Although one might well conclude that this holding would require abolition of privity in cases involving the implied warranty of merchantability as well, the appellate court cases cited earlier have refused to do so, and surprisingly none of the later cases distinguished or discussed *Redarowicz.* Since we have not studied this tangential question closely, we express no firm opinion on it.