John F. "Jack" WALSH, et al. Plaintiffs,

v.

FORD MOTOR COMPANY, Defendant.

Civ. A. No. 81–1998.

United States District Court,
District of Columbia.

Sept. 10, 1986.

Beverly C. Moore, Jr., Law Offices of Beverly C. Moore, Jr., Landon Gerald Dowdey, Law Offices of Landon Gerald Dowdey, Washington, D.C., Wallace J. Smith and Ben Schiebel, Wallace J. Smith, Inc., Sacramento, Cal., Barry Schwartz, Wolf, Block, Schorr and Solis-Cohen, Philadelphia, Pa., William H. McDonald, David A. Childers, John E. Price, and Robert M.N. Palmer, Woolsey, Fisher, Whiteaker, McDonald & Ansley, Springfield, Mo., for plaintiffs.

William T. Coleman, Jr., Richard C. Warmer, Carl R. Schenker, Jr. and John H. Beisner, O'Melveny & Myers, Washington, D.C., for defendant; Henry R. Nolte, Jr., James M. MacNee, Ford Motor Co., Dearborn, Mich., of counsel.

## MEMORANDUM ORDER

JUNE L. GREEN, District Judge.

This action was brought against defendant Ford Motor Company ("Ford") under the jurisdictional provisions of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 et seq. (1982). Plaintiffs seek damages, declaratory, and injunctive relief for breach of written and implied warranty, strict tort liability, and negligence because of allegedly defective automatic transmissions in certain types of motor vehicles manufactured by Ford.[1]

In an opinion and order dated May 9, 1985, the Court conditionally certified three nationwide classes under Rules 23(b)(3), 23(c)(1), and 23(c)(4) of the Federal Rules of Civil Procedure. *Walsh v. Ford Motor Co.*, 106 F.R.D. 378 (D.D.C.1985). Before the Court presently is plaintiffs' motion to expand the scope of the certified implied warranty classes to include Ford purchasers in Illinois.

It is well established that a "federal court must determine issues of state law as it believes the highest court of the state would determine them." 19 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4507 at 89 (1982). Guided by this principle, the Court determined in *Walsh v. Ford Motor Co.*, 588 F.Supp. 1513, 1529 (D.D.C.1984), that "[i]n Illinois, privity of contract is required to maintain an action for breach of implied warranty."

Plaintiffs now submit that a recent decision handed down by an Illinois Appellate Court has abrogated the privity requirement in Illinois. *Rothe v. Maloney Cadillac, Inc.*, 142 Ill.App.3d 937, 97 Ill.Dec. 61, 492 N.E.2d 497 (1986), *pet'n for leave to appeal filed, sub nom. General Motors v. Rothe* (Ill. June 17, 1986) (No. 63693) ("*Rothe*"). *Rothe* held that privity is no longer required in Illinois with respect to an economic loss claim where the plaintiff purchased an allegedly defective automobile from an independent franchised automobile dealer.

The *Rothe* decision, however, conflicts with at least three other recent decisions in which other panels of the same court held that the privity requirement has continuing vitality in Illinois and applied that requirement to bar claims against remote manufacturers for breach of implied warranty.

---

1. For a more complete history of this litigation, see the Court's opinion in *Walsh v. Ford Motor Co.*, 588 F.Supp. 1513 (D.D.C.1984).

*See Szanja v. General Motors Corp.*, 130 Ill.App.3d 173, 85 Ill.Dec. 669, 672, 474 N.E.2d 397, 400 (1985), *leave to appeal allowed*, 106 Ill.2d 24 (1985) (argued Sept. 25, 1985) (*"Szanja"*); *Bagel v. American Honda Motor Co.*, 132 Ill.App.3d 82, 87 Ill.Dec. 453, 458, 477 N.E.2d 54, 59 (1985); *Spiegel v. Sharp Electronics Corp.*, 125 Ill.App.3d 897, 81 Ill.Dec. 238, 241, 466 N.E.2d 1040, 1043 (1984). In light of these decisions, the Court cannot be confident that the decision of the *Rothe* panel foreshadows accurately the views of the Supreme Court of Illinois.

The Court is particularly loathe to speculate on the present inclinations of the Supreme Court of Illinois as the question whether privity is required in Illinois is ripe for decision in the *Szanja* case. The Court will likely have the definitive guidance of the Supreme Court of Illinois in the near future. In these circumstances, it is plainly inappropriate for the Court to accept plaintiffs' invitation to amend its Illinois privity determination. Accordingly, it is by the Court this 10th day of September 1986,

ORDERED that plaintiffs' motion to expand the scope of the certified implied warranty classes to include Ford purchasers in Illinois is denied.