(No. 41509.—

THE PEOPLE *ex rel.* Edmund J. Kucharski, County Collector, Appellant, *vs.* LOOP MORTGAGE COMPANY, Appellee.

*Opinion filed September 26, 1969.*

EDWARD V. HANRAHAN, State's Attorney, of Chicago, (DANIEL P. COMAN, RONALD BUTLER and THOMAS E. BRANNIGAN, Assistant State's Attorneys, of counsel,) for appellant.

LAWRENCE C. SILTON, of Chicago, for appellee.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Appellant, Edmund J. Kucharski, county treasurer and ex-officio county collector of Cook County, appeals directly to this court (revenue being involved) from a judgment of the circuit court of Cook County granting appellee, Loop Mortgage Company, (hereinafter referred to as Loop) a refund of the purchase price of land acquired at a tax sale.

On October 29, 1965, the county collector made application for judgment and order of sale of the subject property under the Scavenger Act. (Ill. Rev. Stat. 1967, ch. 120, par. 716a.) Taxes were delinquent on the property for the years 1931 through 1963. On November 5, 1965, Loop purchased the property at public auction for $300. Because the property was registered under the Torrens Act, it was necessary to record the tax sale certificate of purchase on the Torrens register within one year of purchase in accordance with section 82 of the Torrens Act. (Ill. Rev. Stat. 1967, ch. 30, pa. 119.) Loop, however, registered the certificate on January 19, 1967, approximately 14 months after the sale.

Thereafter, in July of 1967, Loop filed a petition for tax deed pursuant to section 266 of the Revenue Act (Ill. Rev. Stat. 1967, ch. 120, par. 747) as a supplemental proceeding within the collector's application for judgment and order of sale, and duly served all parties as prescribed by statute. No redemption was made within the statutory period, and Loop, on January 12, 1968, applied for the tax deed. The trial court properly found that although Loop had complied with all other prerequisites, its late filing of the tax sale certificate of purchase on the Torrens register precluded it from obtaining a tax deed. See *People* v. *Mortenson,* 404 Ill. 107.

Subsequently, Loop filed a petition under section 266 of the Revenue Act setting forth the facts as heretofore stated and requested the court to declare a sale in error and order a refund of the purchase price. The county collector filed a motion to strike and dismiss, alleging that the petitioner

failed to state any grounds for a sale in error. The trial court denied the motion and ordered that the refund be made. This appeal followed.

The only issue properly before this court is whether the allegations of the petition conform to the statutory requirements for the relief requested. A review of the pleadings in this case clearly indicate that the motion to strike and dismiss was erroneously denied.

Section 266 of the Revenue Code provides in relevant part: "If the court refuses to enter an order directing the county clerk to execute and deliver the tax deed, because of the failure of the purchaser to fulfill any of the above provisions, it shall order the return of the purchase price forthwith as in case of sales in error in all cases where the purchaser or his assignee has made a bona fide attempt to comply with the statutory requirements for the issuance of the tax deed." Recordation of the tax sale certificate of purchase on the Torrens register within one year of the sale has been held to be a required provision under this section to the issuance of a tax deed. (*People* v. *Mortenson,* 404 Ill. 107.) Further, section 266 provides for refund only upon a showing of a "bona fide attempt to comply with the statutory requirements for the issuance of the tax deed."

This court has repeatedly held that a complaint which does not allege facts, the existence of which are necessary to enable a plaintiff to recover does not state a cause of action and that such deficiency may not be cured by liberal construction or argument. (*Fanning* v. *LeMay,* 38 Ill.2d 209; *Belmar Drive-In Theatre Co.* v. *Illinois State Toll Highway Com.,* 34 Ill.2d 544; cf. *Allis-Chalmers Mfg. Co.* v. *City of Chicago,* 297 Ill. 444.) The petition in this case is completely devoid of any facts or allegations of a *bona fide* attempt to comply with applicable law. The petition merely states that the tax sale occurred on November 5, 1967. No explanation is given and indeed none can be

gleaned from the petition itself as to why Loop waited 14 months before recording.

We find that the petition fails to state a case for refund. Accordingly the judgment is reversed.

*Judgment reversed.*