JOSEPH H. SPIEGEL (Joseph H. Spiegel, Ltd.), Plaintiff-Appellant, *v.* SHARP ELECTRONICS CORPORATION, Defendant-Appellee.

First District (1st Division)   No. 83—1084

Opinion filed June 25, 1984.

Spiegel & Fain, Ltd., of Chicago (Joseph H. Spiegel and Janel S. Fain, of counsel), for appellant.

Wender, Murase & White, of New York, New York, and Schumacher, Jones, Kelly, Olson & Pusch, of Chicago (Robert D. Piliero, H. Barringer Pusch, and Richard A. Marsh, of counsel), for appellee.

JUSTICE GOLDBERG delivered the opinion of the court:

This appeal involves the purchase of a photocopier and a subsequent claim for damages regarding the proper functioning thereof. Joseph H. Spiegel (plaintiff) is an attorney. Joseph H. Spiegel, Ltd., a dissolved Illinois Professional Corporation, is included within the designation "plaintiff." Sharp Electronics Corporation (Sharp) is the only defendant. The appeal comes to this court after entry of a final order by the trial court to dismiss with prejudice a number of counts in plaintiff's complaint.

Defendant did not manufacture the copier. Defendant sold the machine to a distributor. This distributor, Coordinated Business Systems, Ltd. (CBS), was engaged in selling business equipment for defendant under the trade name of "Sharpfax." Plaintiff personally did not purchase the copier. The actual buyer was First United Leasing Corporation. Plaintiff executed an equipment lease with this corporation. This was plaintiff's method of financing the acquisition of the copier. The lease was subsequently assigned by First United Leasing to Michigan Avenue National Bank.

We will first restate the familiar applicable principles. Pleadings are liberally construed in an effort to accomplish substantial justice between the parties. (*People ex rel. Scott v. College Hills Corp.* (1982),

91 Ill. 2d 138, 145, 435 N.E.2d 463.) Although pleadings are to be liberally construed, a basic legal deficiency in a pleading "may not be cured by liberal construction or argument." (*People ex rel. Kucharski v. Loop Mortgage Co.* (1969), 43 Ill. 2d 150, 152, 251 N.E.2d 211, quoted in *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 427, 430 N.E.2d 976.) It has been repeatedly and strongly held that, "in considering a motion to dismiss, the pleadings are to be construed strictly against the pleader." *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 421.

The first 16 counts in the third amended complaint pray for damages: $2,275 paid on account and $7,331.50 the entire balance of payment for the copier; payments to "a licensed repair service" $700; cost of copies by other machines $600; "damage and inconvenience" to plaintiff's business $15,000; being a total of $25,906.50. Count XVII also prays for $100,000 in punitive damages. Finally, count XVIII adds $300,000 in punitive damages.

### COUNTS I THROUGH IV

Counts I through IV of plaintiff's complaint are based upon the warranty provisions of the Uniform Commercial Code (UCC) (see Ill. Rev. Stat. 1983, ch. 26, pars. 2—313 through 2—315). Plaintiff concedes, however, that the copier did not cause personal injury or property damage but solely economic loss and that plaintiff is not in privity of contract with defendant. Thus, a threshold question is presented as to whether plaintiff can recover solely economic losses on a warranty theory in the absence of privity. See *Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 82, 435 N.E.2d 443 (defining economic loss).

Plaintiff takes the position that privity is unnecessary to recovery on a warranty theory. Plaintiff's reply brief cites literally dozens of cases decided by courts throughout the United States relating to the need for privity of contact in a warranty action. We take the view that it is unnecessary for us to consider all or any of these cases in this opinion. On the contrary, we prefer to cite and be bound by the law of Illinois.

Although privity has been abolished as unnecessary in actions founded upon tort liability (*Rozny v. Marnul* (1969), 43 Ill. 2d 54, 62, 250 N.E.2d 656), privity generally remains a requirement in all warranty actions in Illinois except an action for personal injury based upon breach of an express or implied warranty against a remote manufacturer. See, *e.g., Frank's Maintenance & Engineering, Inc. v. C. A. Roberts Co.* (1980), 86 Ill. App. 3d 980, 992-93, 408 N.E.2d 403; Ill.

Rev. Stat. 1983, ch. 26, par. 2—318.

Plaintiff's reply brief cites *Crest Container Corp. v. R. H. Bishop Co.* (1982), 111 Ill. App. 3d 1068, 445 N.E.2d 19, *appeal denied* (1983), 93 Ill. 2d 541, as foreshadowing the abolition of the privity requirements in cases involving only economic loss. Plaintiff describes this change in the law as "necessitated by a changing society." We do not agree that *Crest Container* foreshadows the abolition of the privity requirement. On the contrary, the case simply describes a very narrow situation in which recovery of economic loss may be had on a warranty theory in the absence of privity. The exception dealt with by the court is limited to cases where a "remote manufacturer knows 'the identity, purpose and requirements of the dealer's customer and manufactured or delivered the goods specifically to meet those requirements.' " (*Crest Container Corp. v. R. H. Bishop* (1982), 111 Ill. App. 3d 1068, 1076, quoting *Frank's Maintenance & Engineering, Inc. v. C. A. Roberts Co.* (1980), 86 Ill. App. 3d 980, 993.) No facts are alleged in the instant case regarding such knowledge on the part of defendant.

During oral argument, plaintiff cited section 2—318 of the UCC (Ill. Rev. Stat. 1983, ch. 26, par. 2—318). This enactment provides that a seller's warranty may extend to any natural person who is in the family or household of the buyer or who is a guest in the buyer's home "who is injured in person by breach of the warranty." Manifestly the language of this statute has no application to the instant case. However, plaintiff cites Comment 3 of the Uniform Commercial Code Comment pertaining to this section (Ill. Ann. Stat., ch. 26, par. 2—318, Committee Comment, at 265 (Smith-Hurd 1963)). This Comment specifically states that section 2—318 "is neutral and is not intended to enlarge or restrict the developing case law on whether the seller's warranties, given to his buyer who resells, extend to other persons in the distributive chain." We cannot conclude that this portion of the UCC or the Comment advance plaintiff's contentions in any respect.

It follows necessarily that because plaintiff was not in privity with defendant, plaintiff cannot recover his economic losses from this defendant based on a theory of breach of warranty. It is therefore unnecessary to address the individual counts for breach of warranty contained in the complaint. Counts I through IV of the third amended complaint were properly dismissed.

## COUNT VIII

Count VIII of the complaint alleges that count I is properly main-

tained as a class action. Since we have concluded that count I was properly dismissed, it follows necessarily that the attempted class action fails. See *Kittay v. Allstate Insurance Co.* (1979), 78 Ill. App. 3d 335, 339, 397 N.E.2d 200, *appeal denied* (1980), 79 Ill. 2d 631, and cases there cited.

## COUNTS V AND VI

Counts V and VI of plaintiff's complaint allege that defendant made false representations as to its relationship with its distributor, Coordinated Business Systems, Inc. (CBS), and as to the quality and performance of the copier. The representations alleged to be false were contained in an advertisement placed by CBS. The specific representations were that CBS was a "factory authorized Sharp dealer" and the copier would make "picture perfect copies" and would "reduce error and waste."

Initially, since the advertisement was not placed by defendant, there is no basis upon which defendant can be held liable for any representations made therein by CBS unless there existed an agency relationship between them. No such relationship exists between a supplier and a retailer which simply and only sells merchandise bearing the supplier's brand name. See *Washington v. Courtesy Motor Sales, Inc.* (1964), 48 Ill. App. 2d 380, 199 N.E.2d 263.

Secondly, we find no merit in plaintiff's argument that statements by CBS created an "apparent agency" between CBS and Sharp. To show the existence of an "apparent agency," it is necessary to plead some act or conduct by the alleged principal which is sufficient to create the inference that the alleged agent was authorized to act on behalf of the principal. (*Emmenegger Construction Co. v. King* (1982), 103 Ill. App. 3d 423, 431 N.E.2d 738.) This plaintiff failed to do.

The fact that defendant reimbursed CBS for a percentage of the cost of the advertisement placed by CBS does not itself fulfill this requirement. Plaintiff did not discover this alleged reimbursement until after he filed suit. Manifestly, plaintiff did not believe CBS was defendant's agent at the time of the purchase of the copier. Nor is the fact that defendant allowed representatives of CBS to attend its sales training seminars sufficient to create an apparent agency. Plaintiff was unaware of this fact at the time of the purchase.

Third, the representation made by CBS that it was a "factory authorized Sharp dealer," even if false, is not alleged to have caused any injury to plaintiff. The economic losses plaintiff suffered were limited to allegedly poor performance by the copier. Plaintiff did not allege any cause and effect relationship between the alleged misrepre-

sentation and plaintiff's damages. There is no allegation describing how the status of CBS as an authorized dealer could have had any effect on the copier's performance. Thus, counts V and VI lacked one of the essential elements for pleading a cause of action for ordinary fraud. See *Soules v. General Motors Corp.* (1980), 79 Ill. 2d 282, 286, 402 N.E.2d 599.

The representations that the copier would make "picture perfect copies" and would "reduce error and paper waste" were also made by CBS, and not by defendant. Moreover, these statements amount to mere commendation or opinion, and thus cannot qualify as fraudulent misrepresentations. (See, *e.g., Duhl v. Nash Realty, Inc.* (1981), 102 Ill. App. 3d 483, 489, 429 N.E.2d 1267, *appeal denied* (1982), 91 Ill. 2d 552.) Counts V and VI were properly dismissed.

COUNT VII

Count VII alleges that plaintiff should be considered a third-party beneficiary with reference to certain express and implied warranties running between defendant and CBS. This allegation is based upon plaintiff's contention defendant knew that CBS purchased copiers for resale purposes. Count VII does not allege that defendant knew CBS would sell a copier to plaintiff, or that the contract between defendant and CBS defined any third party by any designation or description.

■ The law of Illinois is that third-party beneficiary status may only be conferred where the identification of the third party to be benefited is clear and the benefit to him is direct. (See, *e.g., Carson Pirie Scott & Co. v. Parrett* (1931), 346 Ill. 252, 257, 178 N.E. 498. See also *Redarowicz v. Ohlendorf* (1982), 92 Ill. 2d 171, 179, 441 N.E.2d 324.) Since count VII is devoid of any allegations that defendant knew plaintiff's identity, or knew of any specific requirements plaintiff had, or specifically manufactured the copier to meet these requirements, count VII was properly dismissed. See *Crest Container* and *Frank's Maintenance.*

Plaintiff relies upon *Altevogt v. Brinkoetter* (1981), 85 Ill. 2d 44, 421 N.E.2d 182. There, the supreme court recognized the third-party beneficiary status of owners who contract for the construction of a building under certain circumstances. The court concluded, however, that a plaintiff cannot recover as a third-party beneficiary unless he alleges facts "which show an intent on the part of the developer to confer the benefit ***." (85 Ill. 2d 44, 56.) Plaintiff's count VII is based only upon the alleged knowledge of defendant that the copiers would be resold to ultimate purchasers. In our opinion, this basis is

legally insufficient.

Also, in *Altevogt*, the court specifically rejected the suggestion that mere knowledge of resale to third parties is sufficient to create third-party beneficiary status. The court stated, "*** we do not believe that [the builder's] knowledge that a third party would occupy the house establishes that the plaintiffs were direct beneficiaries." (*Altevogt v. Brinkoetter* (1981), 85 Ill. 2d 44, 56. See also *Slate Printing Co. v. Metro Envelope Co.* (N.D. Ill. 1982), 532 F. Supp. 431, 433.) We conclude that count VII was properly dismissed.

## COUNT XVIII

■ Finally, plaintiff alleged that the statements relied upon to support his breach of warranty and fraud claims also constitute false representations which violate the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1983, ch. 121½, par. 261 *et seq.*). Because the representations were not made by defendant and, as above shown, were not sufficient to support an allegation of fraud, we conclude the allegations regarding these representations were not sufficient to support a claim of violation of the statute. Count XVIII was properly dismissed.

Finally, we must add that plaintiff originally included Coordinated Business Systems, Ltd., as a defendant here. Upon dismissal of a portion of the case as to CBS, plaintiff appealed to this court. That appeal was consolidated with the instant appeal. However, shortly prior to the oral argument of the consolidated cases, this court entered an order by agreement of the parties severing the two appeals and dismissing the case against CBS with prejudice.

The judgment appealed from is accordingly affirmed.

BUCKLEY, P.J., and CAMPBELL, J., concur.