**In re Lloyd G. MALCOLM, Delores E. Malcolm, Debtors.**

**TRIZNA & LEPRI, Plaintiff,**

**v.**

**Lloyd G. MALCOLM and Delores E. Malcolm, Defendants.**

**Bankruptcy No. 90 B 19454.
Adv. No. 90 A 0994.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Sept. 22, 1992.

---

Linda Spak, Spak & Associates, P.C., Chicago, Ill., for debtor.

Robert Trizna, Trizna & Lepri, Chicago, Ill., for plaintiff.

## MEMORANDUM OPINION

EUGENE R. WEDOFF, Bankruptcy Judge.

Plaintiff, Trizna & Lepri, an Illinois general partnership engaged in the practice of law, instituted this Chapter 7 adversary proceeding against Debtors/Defendants Lloyd and Delores Malcolm ("the debtors") to obtain a determination of the dischargeability of a debt under 11 U.S.C. § 523(a)(2)(A). The principal issues raised by the proceeding are whether the debtors' failure to provide notice of their bankruptcy filing constitutes a false representation under Section 523(a)(2)(A) and whether the plaintiff met its burden of proving actual and reasonable reliance. For the reasons set forth below, the court finds that there was a false representation, upon which the plaintiff actually and reasonably relied, and therefore awards judgment to the plaintiff law firm.

*Findings of Fact*

In January, 1985, the debtors retained Trizna & Lepri to represent them in an action captioned *Caneghan v. Malcolm*, Case No. 81 CH 10383 (*"Caneghan"*). This action, then pending in the Circuit Court of Cook County, Illinois, attacked the interest of the debtors in a two-flat building in Evanston, Illinois.

Four years later, the debtors filed a voluntary joint petition for an order of relief under Chapter 13 of the Bankruptcy Code together with their Chapter 13 Statement. (Plaintiff's Ex. 2.) Question 11(c) of that statement directed the debtors to "[l]ist all [unsecured, nonpriority] debts, liquidated or unliquidated, including taxes, *attorneys' fees* and tort claims" (emphasis added). In response, the debtors disclosed six debts, but failed to list the debt of approximately $1000 which they then owed to Trizna & Lepri for legal services rendered in *Caneghan*, which was still pending. (Plaintiff's Ex. 2.) Similarly, the debtors did not list Trizna & Lepri as one of their creditors, even though that firm sent an invoice in the amount of approximately $1000 to the debtors on or about February 28, 1989. (Plaintiff's Ex. 2.) However, among the six creditors that the debtors did list was the plaintiff in *Caneghan*, and the debtors described their debt to him as a "lawsuit pending in equity, as to equity—disputed." (Plaintiff's Ex. 2.)

On May 11, 1989, the debtors amended their Chapter 13 Statement to reflect on their "Schedule B—Statement of All Property of Debtor" the "2 flat located at 1803 Lake St., Evanton (sic), IL" which was the subject of the dispute in *Caneghan*. (Plaintiff's Ex. 6.) However, the debtors never amended their Chapter 13 Statement to include the Trizna & Lepri debt.

On August 17, 1989, the Court confirmed the debtors' amended Chapter 13 plan. (Plaintiff's Ex. 3 & 8.) That plan contained no provision for the Trizna & Lepri debt. (Plaintiff's Exs. 3 & 8.) It did, however, provide to the debtors' other unsecured creditors thirty-six monthly payments which in the aggregate would equal forty-seven percent of allowed unsecured claims. (Plaintiff's Exs. 3 & 8.)

The debtors did not meet their payment obligations under the confirmed Chapter 13 plan, and, on September 4, 1990, the Court dismissed the debtors' Chapter 13 case for material default. (Plaintiff's Ex. 11.)

From March 8, 1989 to August 1990, while the debtors' Chapter 13 petition was pending, Trizna & Lepri continued to represent the debtors in *Caneghan*. (Plaintiff's Ex. 1.) During that time, members of the firm had at least twenty-five telephone conferences and one office conference with the debtors concerning *Caneghan*. (Plaintiff's Ex. 1.) Additionally, during the pendency of the debtors' Chapter 13 proceeding, Trizna & Lepri sent to the debtors three letters and fourteen billing statements, and conducted a four-day trial in *Caneghan*, which resulted in a judgment in favor of the debtors. (Plaintiff's Ex. 1.) Trizna & Lepri's representation of the debtors in *Caneghan* after March 8, 1989 generated fees and expenses, which still remain unpaid, in the amount of $10,562.33. (Plaintiff's Ex. 1.)

Notwithstanding their contacts with Trizna & Lepri, the debtors did not disclose to that firm that they had commenced a Chapter 13 proceeding. Moreover, Trizna & Lepri never received actual or constructive notice of the debtors' Chapter 13 proceedings prior to its September 4, 1990 dismissal.

On October 22, 1990 the debtors filed a second bankruptcy petition, this time under Chapter 7 of the Bankruptcy Code, seeking a discharge of the amounts they owed to Trizna & Lepri. Trizna & Lepri subsequently commenced the present adversary proceeding, which was tried before this Court. At the trial, Lloyd Malcolm testified that he could not recall whether any creditor other than Trizna & Lepri was omitted from the debtors' Chapter 13 Statement. He also testified that the debtors never amended their Chapter 13 Statement to list Trizna & Lepri as one of their creditors since they believed it was "too late" do so after the commencement of the Chapter 13 proceeding.

*Jurisdiction*

This Court has jurisdiction to hear this adversary proceeding pursuant to 28 U.S.C. § 1334(a–b), 28 U.S.C. § 157(a), (b)(1–2), and General Rule 2.33(a) of the United States District Court for the Northern District of Illinois. This adversary action is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and (O). The Court enters judgment against the debtors pursuant to the decision of the Court of Appeals for the Seventh Circuit in *In re Hallahan*, 936 F.2d 1496, 1507–08 (7th Cir.1991).

*Conclusions of Law*

 In the context of the debtors' Chapter 7 proceeding, Trizna & Lepri can obtain from this Court an order that excepts from discharge "any debt for ... services ... to the extent obtained by ... a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A). To succeed on a Section 523(a)(2)(A) claim, Trizna & Lepri must prove three elements. *In re Kimzey*, 761 F.2d 421, 423–24 (7th Cir.1985). First, the firm must show that the debtors obtained services from it through representations that the debtors knew to be false or made with reckless disregard for the truth. 761 F.2d at 423–24. Second, the firm must prove that the debtors possessed an intent to deceive it. 761 F.2d at 423–24. Finally, the firm must demonstrate that it actually and reasonably relied on the debtors' false representation. 761 F.2d at 423–24.[1] Trizna & Lepri must prove the facts which establish these three elements by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, ——–——, 111 S.Ct. 654, 659–61, 112 L.Ed.2d 755 (1991). After receiving evidence and considering the arguments of counsel in their post-trial

briefs, the Court concludes that Trizna & Lepri has met its burden.

**A. False Representation/Actual Fraud**

 Section 523(a)(2)(A)'s reference to "false pretenses, a false representation or actual fraud" (all common law causes of action) implicitly adopts the elements of proof required by the common law. *In re Howarter*, 114 B.R. 682, 685–86 (9th Cir. BAP 1990). The common law has recognized that the ethics of bargaining among adversaries generally do not require parties to make full disclosure of all relevant facts to a transaction. *See* Restatement (Second) on Torts, § 551, at comments B & K (1977). Accordingly, the law has not generally held parties liable for fraudulent misrepresentations simply because one party did not completely disclose information to the other, even if the other party would have deemed such information material. *See Chiarella v. United States*, 445 U.S. 222, 234–35, 100 S.Ct. 1108, 1117–18, 63 L.Ed.2d 348 (1980) ("When an allegation of fraud is based upon nondisclosure, there can be no fraud absent a duty to speak."); Restatement (Second) on Torts, § 551, at comments A, B & K; 37 Am.Jur.2d, Fraud and Deceit, § 145 ("Mere silence is not representation, and a mere failure to volunteer information does not constitute fraud."). This common law principle is reflected in cases decided under Section 523(a)(2)(A) that hold omissions not to be actionable. *See Davison–Paxon Co. v. Caldwell*, 115 F.2d 189, 191 (5th Cir.1940) ("not making full disclosure ... is not within the exception [to dischargeability]"); *In re Hunter*, 780 F.2d 1577, 1579–80 (11th Cir.1986) (same); *In re Reder*, 60 B.R. 529, 535 (Bankr.D.Minn.1986) (same).[2]

---

**1.** Subsequent to *Kimzey*, the Fifth and Eighth Circuit Courts of Appeals have ruled that the reasonableness of the creditor's reliance is not an element in a Section 523(a)(2)(A) action. *See In re Allison*, 960 F.2d 481, 485 (5th Cir. 1992) ("We therefore conclude that reasonable reliance is not, as a matter of law, required under section 523(a)(2)(A)."); *In re Ophaug*, 827 F.2d 340, 343 (8th Cir.1987) ("We can only conclude that section 523(a)(2)(A) does not require a creditor to prove that his reliance on the debtor's fraudulent representations was reason-

able."). However, *Kimzey* remains binding in this circuit.

**2.** Other decisions have included language, without explanation, to the effect that omissions can always be actionable as false pretenses, a false representation or actual fraud under Section 523(a)(2)(A). *E.g., In re Howarter*, 114 B.R. 682, 684–85 n. 2 (9th Cir. BAP 1990); *In re Van Horne*, 823 F.2d 1285, 1288 (8th Cir.1987). Such a rule would be at variance with the common law and has not been adopted in this circuit. Notably, in the context of the federal securities

■ However, the common law principle that omissions may not be the basis for finding a fraudulent misrepresentation is inapplicable in at least two situations. First, when the circumstances imply a particular set of facts, and one party knows the facts to be otherwise, that party may have a duty to correct what would otherwise be a false impression. This is the basis of the "false pretenses" provision of Section 523(a)(2)(A). *See, e.g., In re Dunston,* 117 B.R. 632, 639–41 (Bankr.D.Colo. 1990) ("This Court construes 'false pretenses' in the context of Section 523(a)(2)(A) to mean, generally, a series of events, activities or communications which, when considered collectively, create a false and misleading set of circumstances, or false and misleading understanding of a transaction, in which a creditor is wrongfully induced to transfer property or extend credit to the debtor...."). Second, where an independent duty exists to disclose, failure to disclose has been recognized as actionable. Restatement (Second) on Torts, § 551 (1977).

■ In the present case, no evidence of false pretenses was presented: the debtors certainly were not shown to have presented the appearance of being comfortably solvent. Thus, absent a duty of disclosure, the debtors' failure to disclose their Chapter 13 petition to Trizna & Lepri would not be actionable under Section 523(a)(2)(A). *See Davison–Paxon Co. v. Caldwell,* 115 F.2d at 191; *In re Hunter,* 780 F.2d at 1579–80; *In re Reder,* 60 B.R. at 535. However, in this case, the debtors were under a duty to disclose independent of Section 523(a)(2)(A). At the commencement of their Chapter 13 case, the debtors

were required to list all of their debts—including the $1000 owed to Trizna & Lepri—and all of their creditors. *See* 11 U.S.C. § 521(1) (1987) ("The debtor shall file a list of creditors...."); *see also* Fed.R.Bankr.P. *1007* (1987) ("In a voluntary case, the debtor shall file with the petition a list containing the name and address of *each* creditor unless the petition is accompanied by ... a Chapter 13 Statement.") (emphasis added); 3 *Collier on Bankruptcy,* ¶ 521.03[1], at 521–11 (Lawrence P. King ed., 15th ed. 1992) ("It should be noted that under Bankruptcy Rule 1007(a) the list of creditors should be a list of *all* creditors. The debtor is not permitted to omit creditors from the list because the debtor does not want those creditors affected by the bankruptcy case or does not want them to know about the case or for any other reason.") (emphasis in original). *Cf. In re Hubbard,* 96 B.R. 739, 750 (Bankr.W.D.Tex.1989); *In re Gilbert,* 38 B.R. 948, 950 (Bankr.N.D.Ohio 1984). Had the debtors complied with this duty, Trizna & Lepri would have received notice. Fed.R.Bankr.P. 2002 (1987). Notwithstanding the duty to list all of their debts and creditors, the debtors chose not to list Trizna & Lepri. This is the equivalent of knowingly making a false representation. Debtors' failure to comply with their duty to disclose their Chapter 13 bankruptcy proceeding to Trizna & Lepri satisfied the first element of false representation or actual fraud under Section 523(a)(2)(A).[3]

### B. Scienter

■ The second element under Section 523(a)(2)(A), intent to deceive, may be prov-

---

laws, the United States Supreme Court has held that courts should not construe a federal statute to impose a broad duty of disclosure absent some explicit evidence of congressional intent. *Chiarella v. United States,* 445 U.S. 222, 233–35, 100 S.Ct. 1108, 1117–18, 63 L.Ed.2d 348 (1980). No such intent appears in Section 523(a)(2)(A), since Congress only intended Section 523(a)(2)(A) to codify prior case law. *See* 1978 U.S.Code Cong. & Ad.News 5787, 6453 ("Subparagraph A [of Section 523(a)(2) ] is intended to codify current case law, *e.g., Neal v. Clark,* 95 U.S. [5 Otto] 704, 24 L.Ed. 586 (1877), which interprets fraud to mean actual or positive fraud rather than fraud implied in law."); *In re Neu-*

*mann,* 13 B.R. 128, 130 n. 4 (Bankr.E.D.Wis. 1981) ("The language in § 523(a)(2)(A) is a codification of case law under § 17(a), Bankruptcy Act, which interpreted 'fraud' to mean actual or positive fraud.");

3. The debtors' duty to disclose also distinguishes this case from *Davison–Paxon Co. v. Caldwell,* 115 F.2d 189 (5th Cir.1940), and *In re Hunter,* 780 F.2d 1577 (11th Cir.1986), upon which the debtors principally rely. In each of those cases, the debtors had no duty to disclose their affairs to their creditors.

en by inference from the activities of the debtor. *See In re Kimzey*, 761 F.2d at 424. The circumstances of the present case strongly indicate that the debtors intended to mislead Trizna & Lepri by not disclosing their original bankruptcy filing. The debtors did not list Trizna & Lepri as one of their unsecured creditors or the debt owed to that law firm even though question 11(c) of the Chapter 13 Statement directed them to list all the unsecured, nonpriority debts, including attorneys' fees. The debtors were also aware of the debt when they signed their Chapter 13 Statement on March 8, 1989. The debtors had received on or after February 28, 1989 a statement for the amount that Trizna & Lepri claimed, and had not paid it. In addition, their knowledge of the lawsuit that gave rise to the Trizna & Lepri debt was reflected in their listing on their Chapter 13 Statement of the *Caneghan* plaintiff as one of their creditors and in their description of their debt to him as involving a disputed lawsuit. Nor is it likely that the debtors simply overlooked this debt. They had no large number of creditors (only ten, including Trizna & Lepri), and the amount of the Trizna & Lepri debt approximated the amounts of some of the secured and unsecured debts which they did list. The debtors also received fifteen billing invoices from Trizna & Lepri from March 1989 to August 1990, including one less than ten days before they filed their Chapter 13 petition. Notably, Lloyd Malcolm testified at trial that he could not recall any creditor, other than Trizna & Lepri, whom the debtors omitted from their Chapter 13 Statement.

The debtors also had the opportunity to amend their Chapter 13 Statement. *See* Fed.R.Bankr.P. 1009(a). Although they chose to amend the Schedule B of their Chapter 13 Statement to list as one of their assets the subject matter of *Caneghan*, they failed to amend their list of creditors to include the firm representing them in that case. In light of the debtors' Schedule B amendment and the Court's observation of Lloyd Malcolm's demeanor, the Court completely discredits Malcolm's testimony concerning the debtors' belief that it was

"too late" to amend the Chapter 13 Statement to list Trizna & Lepri as one of their creditors.

Finally, and perhaps most significantly, the debtors never informed Trizna & Lepri of their Chapter 13 proceeding in any of the numerous communications after March 8, 1989 with that firm by telephone, letter, and meeting. Unless they intended that the firm not know of their bankruptcy filing, it is inconceivable that such an important aspect of their legal and financial affairs would not have been mentioned in these communications.

## C. Actual and Reasonable Reliance

■ Under the circumstances of this case, which involves a breach of a duty to disclose, positive proof of reliance is not a prerequisite to recovery; rather a rebuttable presumption may meet the plaintiff's burden. *Cf. Affiliated Ute Citizens v. United States*, 406 U.S. 128, 153–54, 92 S.Ct. 1456, 1472, 31 L.Ed.2d 741 (1972); *accord Basic, Inc. v. Levinson*, 485 U.S. 224, 243–45, 108 S.Ct. 978, 989–99, 99 L.Ed.2d 194 (1988). Presumptions typically serve to assist the courts in managing circumstances in which direct proof, for one reason or another, is rendered difficult. *Basic, Inc.*, 485 U.S. at 245, 108 S.Ct. at 990. Here, without a presumption, Trizna & Lepri would need to show a speculative state of facts—how it would have acted if the information had been disclosed. This is not required. *See Basic, Inc.*, 485 U.S. at 245, 108 S.Ct. at 990 ("Requiring a plaintiff to show a speculative state of facts, i.e., how he would have acted if omitted material information had been disclosed ... would place an unnecessarily unrealistic evidentiary burden on the [plaintiff]...."). To establish the presumption all that is necessary is that there is a substantial likelihood that the disclosure of the omitted facts would have been viewed by a reasonable creditor as having significantly altered the total mix of available information for deciding whether to extend credit. *Cf. Affiliated Ute Citizens*, 406 U.S. at 153–54, 92 S.Ct. at 1472 ("[To establish plaintiff's reliance by rebuttable presumption], all

that is necessary is that the facts withheld be material in the sense that a reasonable investor might have considered them important in the making of [its investment] decision."); *accord Basic, Inc.* 485 U.S. at 243–45, 108 S.Ct. at 989–91. The obligation to disclose and the withholding of a material fact establish a presumption, subject to rebuttal by the debtors, of actual and reasonable reliance. *Cf. Affiliated Ute Citizens,* 406 U.S. at 153–54, 92 S.Ct. at 1472.

■ Trizna & Lepri have established the basis for a presumption of actual and reasonable reliance by proving that the debtors' bankruptcy would have been a material fact. All bankruptcy filings indicate an inability of the debtors to meet their current expenses. Additionally, in a Chapter 13 case debtors who do not pay their debts in full may be required to commit all of their disposable income for a three year period to payment of prepetition debt. 11 U.S.C. § 1325(b). The debtors' Chapter 13 plan contained no special provisions for Trizna & Lepri and only paid forty-seven cents of the allowed dollar amount for unsecured claims. Thus, a substantial likelihood did exist that the disclosure of the debtors' Chapter 13 petition and plan would have been viewed by a reasonable creditor as having significantly altered the total mix of information for deciding whether to extend credit.

■ The debtors failed to rebut the presumption of actual and reasonable reliance. *Cf. Basic, Inc.,* 485 U.S. at 248–49, 108 S.Ct. at 992–93 (any showing by the defendant that severs the link between the alleged misrepresentation and the plaintiff's conduct will be sufficient to rebut the presumption of reliance). In their only effort at rebuttal, the debtors argue that Trizna & Lepri's reliance was unreasonable in light of the firm's failure to review on its own initiative the public records of the bankruptcy court. In other words, the debtors assert that a reasonable creditor law firm would have made periodic checks of court files to assure that their clients had not violated the law by filing a bankruptcy without notice to the firm. This argument cannot be accepted. First, Trizna & Lepri were entitled to assume that their clients would comply with the law. *See In re Garman,* 643 F.2d 1252, 1259–60 (7th Cir.1980) (Absent any facts reasonably indicating the necessity of verification, a creditor is not required to view each representation from the debtor with incredulity requiring verification, since '[t]he law recognizes the duty of each to refrain from even attempted deceit of another with whom he deals, and the right of the latter to assume that he will do so....').

Second, apart from legal requirements, Trizna & Lepri's continuous and longstanding business relationship with the debtors would have made it reasonable for them to assume that the debtors would not intentionally mislead the firm. *See In re Phillips,* 804 F.2d 930, 933 (6th Cir.1986) (the debtor had a long-time social relationship with the creditor); *cf. In re Harasymiw,* 895 F.2d 1170, 1173 (7th Cir.1990) (the debtor was a trusted, long-time and high-ranking employee of the creditor); *In re Kreps,* 700 F.2d 372, 376 (7th Cir.1983) (the debtor was a long-time customer of the creditor); *In re Garman,* 643 F.2d at 1259–60 (same). As previously noted, Trizna & Lepri had more than a four year relationship with the debtors prior to the commencement of the Chapter 13 proceedings and more than a five and one-half year relationship with the debtors prior the dismissal of the debtors' Chapter 13 petition. Trizna & Lepri's reliance on the debtors to disclose their bankruptcy was entirely reasonable, the element of actual and reasonable reliance is satisfied, and Trizna & Lepri is entitled to judgment.

## CONCLUSION

For the reasons stated above, the Court finds that the debt in the amount of $10,562.33 owed to Trizna & Lepri by the debtors is nondischargeable under 11 U.S.C. § 523(a)(2)(A) as a debt obtained by a false representation or actual fraud. The Court also enters judgment in the amount of $10,562.33, plus post-judgment interest as calculated under 28 U.S.C. § 1961, in favor of Trizna & Lepri and against the debtors.