**In re Thanh VAN QUACH, Debtor.**

**Vinh NGUYEN, Plaintiff,**

v.

**Thanh VAN QUACH, Defendant.**

**Bankruptcy No. 95 B 01081.
Adv. No. 95 A 248.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Oct. 10, 1995.

George C. Pontikes, George C. Pontikes & Associates, Chicago, Illinois, for Plaintiff.

Ronald F. Grossman, Grossman Mitzenmacher & Schechter, Chicago, Illinois, for Defendant.

### MEMORANDUM OPINION

RONALD BARLIANT, Bankruptcy Judge.

**Summary**

The Plaintiff in this adversary proceeding alleges that he lost $14,280 as a result of misrepresentations made by the Debtor/Defendant, and requests a judgment for fraud damages and non-dischargeability. The Defendant has filed a motion for judgment on the pleadings (which will be treated as a motion to dismiss) on the grounds that the Plaintiff does not have standing to sue and has failed to allege any of the elements of fraud. The Defendant also asks this Court to strike the Plaintiff's request for punitive damages, contending that punitive damages are not excepted from discharge under § 523(a)(2)(A). For the reasons set forth below, the Defendant's motion is denied, except that the prayer for punitive damages will be stricken.

**Background**

The "facts" recited here are taken from the allegations in the complaint (including exhibits) which are deemed true for present purposes. The Plaintiff and the Debtor, and others, conceived a plan to open a restaurant. In furtherance of that plan, Asian Center, Inc., as lessor, entered into a lease with Palm Garden, Inc., as tenant, of property in Chicago that was supposed to be the situs of the restaurant. The Debtor/defendant, is the president of the corporate landlord. The Plaintiff in this action, Vinh Nguyen ("Nguyen") executed the lease as the president and majority stockholder of the tenant. At the time the lease was executed the tenant corporation had not been formed and the lease so provided.

The lease recites that the landlord was the "owner in fee simple of the" premises, and the Debtor told Nguyen that the lessor-corporation "owned" the property. In truth, Asian Center did not own the property, but was merely a contract purchaser.

The lease required a security deposit in the amount of $28,000. Nguyen provided $14,280 of his own funds toward the deposit. The debtor, on behalf of Loi Quach (the debtor's son) and Thomas Ngo, who were to be partners with Nguyen in Palm Garden, contributed the balance. A rider to the lease provided that it would be null and void and the security deposit would be immediately returned to Nguyen, if an agreement regarding the Palm Garden Restaurant was not executed between Nguyen, Quach and Ngo by October 7, 1994. When no such agree-

ment was reached by that date, Nguyen demanded the return of his security deposit.

The landlord failed to return the security deposit. After the Debtor field a chapter 7 bankruptcy petition, the Plaintiff brought this proceeding alleging common law fraud and fraud under the Illinois Fraud and Deceptive Business Practices Act ("Illinois Act") (815 ILCS 505/1 et seq.), and requesting a determination of non-dischargeability. The basis for the Plaintiff's action is the misrepresentation by the Debtor that the Asian Center owned the property in fee simple.[1] The Plaintiff alleges that if he had known that the Asian Center was only a contract purchaser he would have talked to the seller, discovered that the Asian Center was behind on its contract payments, and pulled out of the deal without paying his share of the security deposit. The Plaintiff alleges that he therefore lost his $14,280 security deposit as a result of the misrepresentation. The Plaintiff requests punitive damages in the amount of $25,000 and attorneys' fees under the Illinois Act.

The Debtor did not file an answer, but did file a "motion for judgment on the pleadings" arguing that 1) Nguyen does not have standing to bring the action because he was not the party to the lease; 2) there was no fraudulent misrepresentation because the statement concerning "ownership" was merely a lay person's confusion concerning how title was held; 3) the statement was not material to financial stability and, in any event, was not the proximate cause of the Plaintiff's loss; and 4) punitive damages are not allowed under § 523(a)(2)(A). A motion for judgment on the pleadings cannot be filed until the pleadings are closed. F.R.Civ.P. 12(c). They are not closed. Since the motion really raises the question whether the complaint states a claim for relief, however, it will be treated as a motion to dismiss under Rule 12(b)(6).[2] *New York State Unit-*

*ed Teachers v. Thompson,* 459 F.Supp. 677 (N.D.N.Y.1978).

**Standards Applicable to a Motion to Dismiss**

In order to prevail on a motion to dismiss under Rule 12(b)(6), it must appear beyond a doubt from the pleadings that the plaintiff can prove no set of facts which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). Allegations in the pleadings are to be construed in favor of the nonmoving party and the motion should be granted "only if the moving party clearly establishes that no material issue of fact remains to be resolved and that he or she is entitled to judgment as a matter of law." *National Fidelity Life Ins. Co. v. Karaganis,* 811 F.2d 357, 358 (7th Cir.1987).

**Standing**

■ The Debtor argues that Nguyen lacks standing to sue in his individual capacity and any cause of action for fraud belongs to the corporation, Palm Garden. In support of this argument Debtor points out that Palm Garden, not Nguyen, is the party to the lease,[3] which expressly provides that Nguyen is not personally liable on the lease. The Debtor contends that *Bevelheimer v. Gierach,* 339 N.E.2d 299, 33 Ill.App.3d 988 (1st Dist.1975) establishes that any misrepresentations were made to Nguyen in his capacity as an officer of Palm Garden and not individually.

Nguyen has alleged facts that distinguish this case from *Bevelheimer:* Nguyen alleges that the misrepresentation was made to induce *him* to provide the security deposit and such funds for the deposit were provided out of his own personal funds. Amended Complaint at ¶¶ 17, 20. There were no allegations in *Bevelheimer* that the misrepresentation induced the individual to act, not simply

---

1. Nguyen also alleges that the debtor represented that he was the Vice President of Asian Center and that this was false, but does not otherwise show how the statement was fraudulent.

2. Rule 12 of the Federal Rules of Civil Procedure is applicable here by reason of F.R.Bankr.P. 7012.

3. At the time the lease was executed the corporation had not yet been formed. The lease pro-

on behalf of the corporation, but also on his own behalf.[4]

■ Paragraph 7 of the rider to the lease further supports Nguyen's argument that he has standing to sue for the $14,280 security deposit. The rider provides that if the restaurant agreement is not signed, the security deposit is to be "be immediately returned to Vinh Nguyen." Since the damage arising from the Debtor's alleged fraudulent representation is the loss of the security deposit that Nguyen paid and that should have been returned to him, Nguyen has a claim for fraud against the Debtor in his individual capacity. *See Thor Power Tool Co. v. Weintraub,* 791 F.2d 579 (7th Cir.1986) (buyer of assets and corporation later formed by buyer to operate business both had a cause of action for fraud against seller of assets).[5]

## Elements of Fraud

■ The Debtor next contends that he is entitled to judgment as a matter of law on the Plaintiff's fraud claims. The Debtor asserts that complaint fails to allege any of the elements of fraud.[6]

■ In order to establish fraud under Illinois law the Plaintiff must prove:[7]

1. The defendant made a material statement of fact that was untrue;

2. the defendant knew the statement was untrue or made it with culpable ignorance of its truth or falsity;

3. the statement was made to induce plaintiff to rely on it;

4. the plaintiff actually relied on it; and

5. was injured as a result of such reliance.

*Bradley Real Estate Trust v. Dolan Assoc. Ltd.,* 266 Ill.App.3d 709, 640 N.E.2d 9, 203 Ill.Dec. 582 (1st Dist.1994).

The Defendant challenges the first requirement by contending that there is no misrepresentation in telling a prospective lessee his corporation owns the building when it is a contract purchaser. Defendant cites *People v. Chicago Title and Trust,* 75 Ill.2d 479, 389 N.E.2d 540, 27 Ill.Dec. 476 (1979) for

---

vides that "Tenant is a corporation in formation."

**4.** In *Bevelheimer* a corporation and its sole shareholder sued the attorney for the corporation for failure to keep his promise to renew the corporation's lease. The court concluded that because the corporation and shareholder were legally cognizable as two distinct legal entities and because the duty was owed to the corporation, the shareholder had no individual claim against the attorney. *Bevelheimer,* 339 N.E.2d at 303.

**5.** The Debtor makes several other arguments in support of his position that Nguyen does not have standing to bring the suit, none of which is relevant to this determination. The Debtor contends that the proper party to sue should be determined by whether the corporation was in existence at the time the cause of action for fraud accrued. When the cause of action accrued, however, has nothing to do with who the representation was made to and who acted in reliance upon the misrepresentation. Nor does the fact that Palm Garden subsequently ratified the lease have any effect on this Court's determination that Nguyen has standing to sue in his individual capacity. The fact remains that Nguyen has alleged that the misrepresentation induced him to act, by contributing the funds for the security deposit.

On the other hand, contrary to Nguyen's argument, standing to sue for fraud is not conferred by his alleged (in the briefs, not the complaint) status as a third party beneficiary. That is strictly a contract concept, as the cases cited by Nguyen make clear. *See Kravitz v. County of Lake,* 62 Ill.App.3d 101, 19 Ill.Dec. 611, 379 N.E.2d 126 (2nd Dist.1978). The Amended Complaint alleges only claims sounding in fraud, not breach of contract. Therefore, it is not necessary for this Court to determine if Nguyen is a third party beneficiary with standing to sue on the contract.

**6.** Although the Defendant has brought this as a motion for judgment on the pleadings, in many respects he is challenging the manner in which the Plaintiff has pleaded his fraud action. Although under Rule 9(b) Fed.R.Civ.P., fraud must be alleged with particularity, it does not require the plaintiff to allege each element of fraud. Rule 9(b) instead requires only that the plaintiff set forth the circumstances constituting fraud, "the who, what, when, where, and how." *In re Volpert,* 175 B.R. 247, 259 (Bankr.N.D.Ill. 1994), *citing, DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir.1990). This complaint satisfies that requirement.

**7.** If the Plaintiff is seeking non-dischargeability under § 523(a)(2)(A), then Plaintiff must prove the money was obtained by "false pretenses, a false representation, or actual fraud." Since the Amended Complaint only alleges fraud, the Court will presume the Plaintiff is relying on this subsection.

the proposition that under Illinois law "owner" can include the person who has control over the land. In *Chicago Title* the Illinois Supreme Court determined that the holder of the beneficial interest in a land trust is the "owner" of the property for purposes of imposing liability for real estate taxes. There are two facts that distinguish the allegations in Nguyen's Amended Complaint from *Chicago Title*. First, Nguyen alleges that the Debtor represented more than that he was the "owner" of the property; he represented that the Asian Center was the "owner *in fee simple*" of the property. Second, unlike the owners in *Chicago Title*, the Asian Center was not the owner of the beneficial interest in the land trust holding title to the property; the contract seller was.

■ Nguyen alleges in paragraphs 16 and 17 of the Amended Complaint that the Defendant knew the statement was false, but made it to induce plaintiff to enter into the lease and make the security deposit. Whether the Debtor was confused when he told Nguyen the Asian Center owned the property "in fee simple," or made the statement with knowledge of its falsity in order to deceive Nguyen, as alleged, is a question of fact that cannot be resolved on a motion to dismiss. This complaint adequately alleges the first two elements of the Plaintiff's fraud claim.

■ The Debtor's next argument is that the Asian Center's status as owner or contract purchaser was not material to Nguyen's decision to enter into the transaction. Nguyen has alleged that if he had known the Asian Center was only a contract purchaser he would have talked to the seller and learned that the contract was in default.[8] Knowing that, he alleges, he would have dropped the restaurant deal and not paid his share of the security deposit. That is a sufficient allegation of materiality and reliance.

■ The Debtor's final argument is that the alleged misrepresentation was neither the cause in fact nor the proximate cause of

the Plaintiff's loss. Relying on several cases, most of which were decided under federal and state securities laws (*e.g.*, *Bastian v. Petren Resources Corp.*, 892 F.2d 680 (7th Cir.1990); *Rosengard v. McDonald*, 205 Ill. App.3d 208, 150 Ill.Dec. 53, 562 N.E.2d 583 (1990)), the Debtor argues that there is no causal relationship between misrepresentations regarding ownership and the loss of the security deposit. Rather, he argues, Nguyen lost the money because the restaurant agreement was not signed, and there is no allegation about why it wasn't. Absent such an allegation, the complaint fails to allege proximate cause.

The Debtor's cases are factually distinguishable. They involve misrepresentations that led to investments that failed, but the misrepresented facts had nothing to do with the failures and the resultant losses by the plaintiff/investors. In *Bastian*, for example, the complaint for fraud failed to state a claim for relief because, although it alleged a reason why the plaintiffs bought limited partnership interests from the defendants (the defendants' misrepresentations), it did not allege why those interests became worthless. The Seventh Circuit therefore held that the complaint failed to allege proximate cause and was properly dismissed. The Debtor here argues that this case is similar because, although the complaint alleges that the Plaintiff paid the security deposit because of the misrepresentation about title to the property, the complaint does not allege why the restaurant agreement was never signed and the deal fell apart.

The Debtor is overlooking a key distinction: In this case, there was a promise to refund the money. In the securities fraud and other cases on which he relies, the plaintiffs paid money for an interest in property that turned out to be worthless or impaired in some way. Here, the payment at issue was not made solely in exchange for an interest in property or as part of a capital contribution in the restaurant deal. Rather, the Plaintiff made that payment at least in part

---

8. Plaintiff's reliance on *In re Malcolm*, 145 B.R. 259 (Bankr.N.D.Ill.1992) as establishing the standard for reasonable reliance is misplaced. *Malcolm* involved allegations of fraud for failure to disclose information where there was a duty to disclose. Where a breach of duty to disclose information is alleged there is a rebuttable presumption the reliance was reasonable. *Id.*

because of the promise that if the restaurant agreement was not signed, he would get it back. The promise to pay the money back was obviously only as good as the financial condition of the entity that made it. The complaint alleges the had Nguyen known that the Asian Center was only a contract purchaser he would have made an inquiry of the contract seller and determined that the Asian Center was behind on its payments. That would have alerted him to the corporation's poor financial condition. He then would have known the promise was worthless and would not have risked the money.

This case, in other words, is more like *United States v. Spicer*, 57 F.3d 1152 (D.C.Cir.1995). There, the defendant made misrepresentations to the FHA to get mortgage loans for his clients. After the borrowers defaulted, he argued that his lies about their financial circumstances did not cause the loss; rather other factors, such as job losses, proximately caused the damage. The court rejected that argument (57 F.3d at 1159):

> Spicer's misrepresentations were material to HUD's determination that the mortgage applicants met the financial requirements to qualify for FHA-insured mortgages and had a sufficient personal financial stake in the properties to have the proper incentives to avoid default. The misrepresentations were thus more than a "but-for" cause; they proximately caused HUD's losses when the buyers to whom HUD improvidently granted FHA-insured mortgages on the basis of Spicer's misrepresentations of their financial qualifications defaulted. The defaults were thus a foreseeable consequence of Spicer's conduct. It is undoubtedly true that in each case other factors also "caused" the buyer's default, but that is of no moment, for as long as Spicer's misrepresentations were a material and proximate cause, they need not have been the sole factor causing HUD's losses.

The allegation here is that the misrepresentation convinced the Plaintiff that the corpo-

rate landlord had the wherewithal to make good on its promise. In fact, it did not. This Court holds that this complaint alleges a sufficient causal connection to overcome a motion to dismiss.[9]

■ Because the Plaintiff has alleged all the elements of a claim for fraud, he has also necessarily alleged grounds to determine that the resulting debt is excepted from discharge under section 523(a)(2)(A) of the Bankruptcy Code. The Debtor's motion for judgment on the pleadings, treated here as a motion to dismiss, is denied.

**Punitive Damages**

■ The Debtor also asks this Court to strike the Plaintiff's request for punitive damages and the request for a determination that such damages are non-dischargeable. The Debtor contends that punitive damages are not excepted from discharge under § 523(a)(6). Nguyen did not specify the subsection of § 523(a) that he relies upon to support his request for a judgment of non-dischargeability in the Amended Complaint, although he acknowledges in his Response to the Defendant's Motion that punitive damages are "generally" dischargeable under § 523(a)(2)(A).

■ It is generally accepted that punitive damages are excepted from discharge under of § 523(a)(6). *In re Miera*, 926 F.2d 741 (8th Cir.1991); *In re McGuffey*, 145 B.R. 582 (Bankr.N.D.Ill.1992). There are two views for treating punitive damages as non-dischargeable under § 523(a)(6). The first view considers the conduct giving rise to the punitive damages and holds that if it is the same conduct that gave rise to the non-dischargeable debt under § 523(a)(6), both are non-dischargeable. *Miera*, 926 F.2d at 745; *In re Dean*, 79 B.R. 659 (Bankr. N.D.Tex.1987). The second view is based upon the language of the section. Section 523(a)(6) excepts "any debt" from discharge. A "debt" is defined as a "liability on a claim"

**9.** The Defendant also relies on *Spiegel v. Sharp Electronics Corp.*, 125 Ill.App.3d 897, 81 Ill.Dec. 238, 466 N.E.2d 1040 (1984) where the court found no connection between a distributor's representation that he was a factory authorized deal-er and the poor performance of the copier purchased by the plaintiff. The total lack of a causal connection in *Spiegel* is readily apparent and therefore inapplicable to the facts in this case.

§ 101(12), and a "claim" is any "right to payment." Because of the expansive definition of a "claim" courts have reasoned that there is no basis for excluding punitive damages from non-dischargeable debts. *In re Stokes*, 150 B.R. 388, 392 (W.D.Tex.1992), *aff'd*, 995 F.2d 76 (5th Cir.1993); *McGuffey*, 145 B.R. at 596.

 Applying a similar statutory construction under § 523(a)(2)(A) several courts have concluded that punitive damages *are* dischargeable. *In re Levy*, 951 F.2d 196 (9th Cir.1991); *Matter of Suter*, 59 B.R. 944, 946–47 (Bankr.N.D.Ill.1986) (Ginsberg, J.); *Matter of Larson*, 79 B.R. 462, 465 (Bankr. W.D.Mo.1987). These courts reason that the phrase in § 523(a)(2)—"to the extent obtained by"—modifies and limits the amount of non-dischargeable damages to the amount the debtor obtained as a result of the fraud. *Levy* at 198; *Suter* at 946. A few courts have, however, found punitive damages non-dischargeable under § 523(a)(2) notwithstanding the statutory limitation. *See In re St. Laurent II*, 991 F.2d 672, 678 (11th Cir. 1993) ("punitive damage awards flowing from the same course of fraudulent conduct necessitating an award of compensatory damages are not dischargeable in bankruptcy under § 523(a)(2)(A)); *In re Pawlinski*, 170 B.R. 380 (Bankr.N.D.Ill.1994) (punitive damages arising from non-dischargeable debt under § 523(a)(2)(A) or § 523(a)(4) are non-dischargeable). This court agrees with the majority view that the express language of the statute limits the non-dischargeable debt to only that amount actually obtained by the fraud and not to punitive damages imposed because of the fraud.

The Amended Complaint alleges fraud, but contains no allegations of "wilful" or "malicious" conduct that would invoke § 523(a)(6). The prayer for punitive damages if therefore stricken.

## Conclusion

For the reasons set forth above, the Defendant's motion for judgment on the pleadings is denied, but the motion to strike the Plaintiff's request for punitive damages is granted.

## ORDER

For the reasons set forth in the Memorandum Opinion of even date herewith, **IT IS HEREBY ORDERED** that the Defendant's Motion for Judgment on the Pleadings (treated by the Court as a Motion to Dismiss) is denied, except that the Plaintiff's request for punitive damages in the Amended Adversary Complaint is stricken.